**WEST TEXAS COACHES, Inc., v. MADI et al.**

No. 1343—5469.

Commission of Appeals of Texas, Section A.

April 9, 1930.

Bouldin & Zivley, of Mineral Wells, Robert Hanger, of Fort Worth, and Harry P. Lawther, of Dallas, for plaintiff in error.

Gross & Gross, of Mineral Wells, and Goree, Odell & Allen, of Fort Worth, for defendants in error.

SHARP, J.

A statement of the nature and result of this case may be found in the opinion of the Court of Civil Appeals for the Eleventh Supreme Judicial District, in which the judgment of the trial court was affirmed, and we refer to that opinion. 15 S.W.(2d) 170. Plaintiff in error applied for writ of error, which was granted by the Supreme Court.

In order to keep before us the issues involved in this suit, we will set out the issues submitted by the trial court to the jury and their findings thereon:

"Special Issue Number One: Under all the facts and circumstances in this case and under the conditions existing at the time of the collision in question was the operator or driver of the West Texas Coach, known as 'Miss Clyde,' negligent in passing or attempting to pass, if he did either, a truck on the Bankhead Highway at the rate of speed at which said Coach was being operated? Answer Yes or No just as you find."

To which the jury answered "Yes."

"Special Issue Number Two: If Special Issue Number One is answered in the affirmative, then was the negligence of the driver of said bus at said time and place a proximate cause of the collision and death of John Madi? Answer Yes or No just as you find."

To which the jury answered "Yes."

"Special Issue Number Three: At the time and place of the collision in question, was the operator or driver of the defendant's coach which collided with the Chevrolet car, in which John Madi was riding, operating said coach at a greater rate of speed than fifteen miles per hour? Answer Yes or No just as you find."

To which the jury answered "Yes."

"Special Issue Number Four: If Special Issue Number Three is answered in the affirmative, then was the rate of speed at which the defendant's coach was being operated at said time and place a proximate cause of the collision, if any, and the death of John Madi? Answer Yes or No just as you find."

To which the jury answered "Yes."

"Special Issue Number Five: Under all the facts and circumstances in this case at the time and place of the collision in question, did the operator of the said West Texas Coach operate and drive said Coach, if he did do so, at such rate of speed as to endanger the life of persons who were then and there on the Bankhead Highway? Answer Yes or No just as you find."

To which the jury answered "Yes."

"Special Issue Number Six: If Special Issue Number Five is answered in the affirmative, then was the rate of speed at which the coach was being operated at the time and place of the collision a proximate cause of the death of John Madi? Answer Yes or No just as you find."

To which the jury answered "Yes."

"Special Issue Number Seven: What amount of damages if any, do you find that the plaintiff Mrs. Masota Madi, as the wife and beneficiary of John Madi deceased, has sustained by reason of the death of the said

John Madi? Answer the sum you find, if anything.

"In arriving at and determining your answer to this question or to Special Issue Number Seven, you will take into consideration and allow her whatever sum of money as if paid now would represent the fair value of what the plaintiff, Mrs. Masota Madi, had a reasonable right to expect under the circumstances to receive from the earnings of her said husband. In determining the amount if any you will allow her, you may consider the earnings apparently if any of her said husband at the time of his death, his age and the condition of his health. In this connection, however, you are instructed that in arriving at and allowing damages, if any, to Mrs. Masota Madi the plaintiff, you must not take into consideration nor allow her any sum as compensation for her bereavement, mental anguish or pain suffered by her by reason of the death of her said husband, but you can allow her any such damages, if any, as resulted in a pecuniary loss to her occasioned by his death."

To which the jury answered "$4,000."

"Special Issue Number Eight: In what amount, if any, do you find that the minor plaintiffs, Abraham Madi, Meida Madi and Joseph Madi, as the children of John Madi, deceased, if you find they are his children, have each sustained damages, if any, by reason of the death of the said John Madi? Answer in the sum you find, if anything for each individual plaintiff named.

"In arriving at and determining your answers to the foregoing question you will take into consideration and allow them and each of them whatever sum of money as if paid now would represent the fair and reasonable value of what the deceased, John Madi, would probably have contributed to their support, education and maintenance during the minority of each of them. In determining the amount, if any, you may consider the earnings of the said John Madi at the time of his death, his age and the condition of his health as well as the value, if any, from a pecuniary standpoint only of his care and advice. In this connection, however, you are instructed that in arriving at and allowing damages, if any, to each of said plaintiffs you must not take into consideration nor allow them or either of them any sum whatever as compensation for bereavement, mental anguish or pain, suffered by reason of the death of John Madi, but you can allow to them and to each of them only such damages, if any, as resulted in a pecuniary loss occasioned by the death of John Madi.

"An unavoidable accident is an event happening suddenly and unexpectedly without the foresight or knowledge of a person and without fault or negligence on the part of anyone which caused the injury or damage."

To which the jury answered "Abraham Madi, $2,000. Meida Madi, $2,000. Joseph Madi, $2,000."

"Special Issue Number Nine: Was the collision of the bus and Chevrolet car, at the time and place in question, an unavoidable accident as that term has been defined to you in the preceding paragraph of this Charge? Answer Yes or No just as you find."

To which the Jury answered "No."

Plaintiff in error, in its petition for writ of error, presents many assignments, and the writ was granted upon the following assignment, which reads as follows:

"The Honorable Court of Civil Appeals erred in overruling Appellant's Ninth Assignment of Error, same being as follows:

"'The Court erred in submitting to the jury Special Issue No. 5 for the reason that the question therein presented to the jury is vague, indefinite and uncertain, and one which permits, if it does not require of the jury, speculation and guess work, pure and simple. The issue in question is a virtual copy of a provision of the Penal Code, which is void and inoperative, because of indefiniteness, vagueness and uncertainty and because no test or definition is prescribed which would make the same certain and definite and therefore for said reason is recognized by the courts as incapable of enforcement.

"'The submission of the foregoing issue, together with the submission of Special Issue No. 3 as to whether the bus was being operated at a greater rate of speed than fifteen miles an hour, worked to the injury and prejudice of this defendant for the reason that the same amounted to an instruction by the court to the jury that if they found that the bus was being operated at such a rate of speed as to endanger the life of persons who were then and there on the Bankhead Highway.'"

The trial court submitted to the jury special issues Nos. 1 and 2, and the jury answered "Yes" to both issues. The result of this finding was that plaintiff in error was guilty of negligence as charged in the petition, and that such negligence was the proximate cause of the collision and death of John Madi. The Court of Civil Appeals held that the answer of the jury to special issues Nos. 1 and 2 was sustained by the evidence. In its petition for writ of error, plaintiff in error does not challenge the manner in which special issues Nos. 1 and 2 were submitted nor as to the sufficiency of the evidence to support the findings.

■■ It is strongly urged that this case should be reversed because special issue No. 5 was submitted to the jury and is based upon the provision of article 790 of the Penal Code, which is void and inoperative, because of indefiniteness, vagueness, and uncertainty, and because no test or definition is prescribed

which would make the law certain and definite, and therefore is incapable of enforcement; that the foregoing issue, together with the submission of issue No. 3 as to whether the bus was being operated at a greater rate of speed than fifteen miles an hour, worked to the injury and prejudice of plaintiff in error, for the reason that it amounted to an instruction by the court to the jury that, if they found that the bus was being operated at such a rate of speed as to endanger the lives of persons who were then and there on the highway it was negligence per se.

Article 790 of the Penal Code reads as follows: "No person operating or driving a motor or other vehicle upon the public highways shall pass any motor or other vehicle, person or thing on any public highway of this State at such rate of speed as to endanger the life or limb of any person or the safety of any property. Any person violating any provision of this article shall be fined not less than five nor more than two hundred dollars."

Article 794 of the Penal Code reads as follows: "All operators of motor vehicles in passing each other on the public highways shall slow down their speed to fifteen miles per hour. Any person who violates this article shall be fined not to exceed one hundred dollars."

In the case of Solan & Billings v. Pasche (Tex. Civ. App.) 153 S. W. 672, 674 (error denied), the court says: "Section 3 of chapter 96, Acts of Thirtieth Legislature, p. 193, provides: 'No person in charge of an automobile or motor vehicle on any public road, street or driveway shall drive the same at any speed greater than is reasonable and proper, having regard to the traffic and use of the public road, street or driveway by others, or so as to endanger the life or limb of any person thereon.' And by virtue thereof the court charged that a violation of this section was negligence per se, and to find for plaintiff if the jury believed that the person in charge of the automobile was driving the same on a public road at a speed greater than was reasonable and proper, having regard to the traffic and use of the road, or so as to endanger the life or limb of persons who might be thereon in the exercise of ordinary care for themselves, if such conduct was the proximate cause of plaintiff's injuries. It is objected that the section of the law quoted is unconstitutional and cannot be enforced as a penal statute, because it is so vague and indefinite that it is not susceptible of enforcement as such. It is unnecessary to determine whether or not the statute is subject to the particular objection urged, as it was at least sufficient as a remedial statute imposing a civil duty so as to render its violation negligence per se."

In 42 C. J. p. 631, the following rule is laid down: "A statute prohibiting the operation of motor vehicles at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of the highway or so as to endanger the life or limb of any person or the safety of any property, establishes a rule of conduct which is not greatly different than the rule of ordinary care, which would apply in the absence of a statute, and while it may be too uncertain and indefinite in its terms to be capable of enforcement by a criminal prosecution, it is not too indefinite to furnish a rule of civil conduct."

See Commonwealth v. Pentz, 247 Mass. 500, 143 N. E. 322, 323; Hayes v. State, 11 Ga. App. 371, 75 S. E. 523; Quarles v. Gem Plumbing Co., 18 Ga. App. 592, 90 S. E. 92; Strickland v. Whatley, 142 Ga. 802, 83 S. E. 856; State of Texas v. T. & P. Ry. Co., 106 Tex. 18, 154 S. W. 1159; State v. I. & G. N. Ry. Co., 107 Tex. 349, 179 S. W. 867; Nash v. United States, 229 U. S. 373, 33 S. Ct. 780, 57 L. Ed. 1232.

In the case of Strickland v. Whatley, supra, the Supreme Court of Georgia, in the syllabus of that case by the court, says: "While so much of the act of August 13, 1910 (Acts 1910, p. 92) § 5, regulating the use of automobiles on the highways of this state and prohibiting their operation 'at a rate of speed greater than is reasonable and proper, having regard to the traffic and use of such highway, or so as to endanger the life or limb of any person or the safety of any property,' as makes a violation of the act penal is too uncertain and indefinite in its terms to be capable of enforcement (Empire Life Insurance Co. v. Allen, 141 Ga. 413, 81 S. E. 120; Hayes v. State, 11 Ga. App. 371, 75 S. E. 523), the measure of care laid down in the act is not too indefinite to furnish a rule of civil conduct. Indeed, in most respects it is not greatly different from the rule of ordinary care which would apply in the absence of a statute. There was accordingly no error in giving it in charge to the jury in a proper case."

Chief Justice Rugg of the Supreme Court of Massachusetts, in the case of Commonwealth v. Pentz, supra, in rendering the opinion of the court, says: "This is an indictment charging that the defendant at a specified time and place upon a way 'did operate an automobile so that the lives or safety of the public might be endangered.' It follows the essential words of G. L. c. 90, § 24. The defendant seasonably filed a motion to quash the indictment on the grounds that it did not define any crime with the certainty and precision required by the Constitution either of this Commonwealth or of the United States."

The court upheld the language of the statute, and further says: "The statute as thus construed does not amount to a prohibition of the use of motor vehicles. It is simply a regulation of their use. The safety of the public from injury and loss of life through

the operation of motor vehicles well may have been thought by the Legislature to be of such supervening importance as to warrant the enactment of such a statute. It is matter of common knowledge that many lives are lost and many persons injured through the operation of motor vehicles on public ways. Any rational statute designed to diminish this appalling impairment of human usefulness and happiness is within the power of the General Court under the grant in the Constitution to enact all manner of reasonable and wholesome laws. Illustrations put in argument of possible hardship upon those who operate motor vehicles fall far short of showing that the present statute is arbitrary or unreasonable, or that it is not adapted to the accomplishment of a permissible result."

We overrule this assignment.

Independent of the question involved in the submission to the jury by the trial court of special issues Nos. 3, 4, 5, and 6, above copied, this record would not authorize a reversal of this case. There were two or more grounds of negligence relied upon by defendants in error and submitted to the jury, and the jury made favorable findings in answer thereto. Bearing upon this question, we quote from the opinion of Chief Justice Hickman in the case of Wichita Valley Railway Co. v. Williams (Tex. Civ. App.) 6 S.W.(2d) 439, 442 (error denied), as follows: "The case, however, should not be reversed on this account. There were two separate and distinct grounds of negligence relied on by appellee and submitted to the jury. One of these grounds of negligence was improperly presented, but the other ground, viz. the failure of the appellant to stop the train a reasonably sufficient length of time within which to permit appellee, by exercising reasonable diligence and dispatch, to alight therefrom before same was again put in motion, was found by the jury to be negligence, and the proximate cause of appellee's injuries. Since the judgment finds support on one ground of negligence, the error of the court in improperly submitting another ground of negligence alleged was harmless. Thornton v. Moody (Tex. Civ. App.) 24 S. W. 331 (error refused); Northwestern Nat. Life Ins. Co. v. Blasingame et al., 38 Tex. Civ. App. 402, 85 S. W. 819 (error refused); Ward et ux. v. Cathey (Tex. Civ. App.) 210 S. W. 289 (error refused); Yoes v. T. & P. Ry. Co. (Tex. Civ. App.) 211 S. W. 311; Eastern Texas Elec. Co. v. Hunsucker (Tex. Civ. App.) 230 S. W. 819."

We therefore recommend that the judgment of the Court of Civil Appeals and the trial court be affirmed.

CURETON, C. J.

The judgments of the district court and Court of Civil Appeals are both affirmed, as recommended by the Commission of Appeals.