## John Gutierrez v. The State.

No. 16519.   Delivered February 7, 1934.
Reported in 68 S. W. (2d) 198.

The opinion states the case.

*Irwin Blum,* of Brenham, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

HAWKINS, JUDGE.—Conviction is for driving a motor vehicle on the left side of a public highway, the punishment being a fine of one dollar.

The prosecution was by complaint and information in the county court. No statement of facts is brought to this court, but from recitals in a bill of exception we gather that appellant was proceeding along a highway in his automobile and attempted to pass a car which was proceeding in the same direction, turning to the left in order to drive around the car he was seeking to pass, when a car approached meeting him; that appellant tried to drop back in order to let the approaching car go by, and, in doing so, appellant's car collided with and caused some slight injury to the car which appellant had tried to go around.

It was urged in the court below that the complaint and information charged no offense. Omitting the formal parts, it

was alleged that appellant did "unlawfully operate and drive a motor vehicle on the left side of a public highway." It will be noted that there is no averment of the circumstances or conditions under which such driving was done.

Subdivision (A) of article 801, P. C. (1925), where applicable here, reads as follows: "The driver or operator of any vehicle in or upon any public highway wherever practicable shall travel upon the right hand side of such highway. * * * On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead." Subdivision (C) of said article reads: "Vehicles overtaking other vehicles proceeding in the same direction shall pass to the left thereof and shall not again drive to the right until the road is reasonably clear of such overtaken vehicle." Subdivision (J) of said article reads as follows: "The person in control of any vehicle moving slowly along upon any public highway shall keep such vehicle as closely as possible to the right hand boundary of the highway, allowing more swiftly moving vehicles reasonably free passage to the left."

The courts have always had difficulty in applying as a criminal statute what is generally called the "law of the road," as passed by the Legislature in 1917, Regular Session, page 478, as having properly and clearly defined criminal offenses, for the reason that such was not its original purpose. Apparently it was originally intended to fix by statute certain regulations which would control in civil liability cases. No criminal penalties were attempted to be attached to the many provisions of the said regulatory Act until later. See Third Called Session of the Legislature in 1917, page 70. No effort was then made to rewrite the law and more clearly define what acts or omissions should be regarded as criminal offenses.

It is clear from the provisions of the law heretofore quoted that driving a car on the left side of the road is not *per se* a criminal act. Under the very terms of such provisions, such driving is permissible under some circumstances. For an information or indictment to simply allege that such driving in a particular instance was "unlawful" is only a conclusion of the pleader. Such facts should be averred as will show the commission of an offense. The information and complaint in the present case are defective in the requisites necessary.

The judgment is reversed and the prosecution ordered dismissd.

*Reversed, and prosecution ordered dismissed.*