EX PARTE L. A. WILLIAMS.

No. 17411.   Delivered January 16, 1935.
Rehearing Denied February 27, 1935.

The opinion states the case.

*Del W. Harrington, C. W. Smith,* and *J. M. Deaver,* all of El Paso, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—In a habeas corpus proceeding the judge of the El Paso County Court at Law remanded appellant to custody.   Hence this appeal.

Appellant was convicted in the corporation court of the City of El Paso for a violation of subsection (A) article 801, P. C.   He appealed to the county court, where he was again convicted, and a fine of less than $100 assessed against him.   He contends that the statute under which he was convicted is unconstitutional in that it is too indefinite and uncertain to meet the requirements of the Constitution and of article 6, P. C.   We quote article 6, as follows: "Whenever it appears that a provi-

ion of the penal law is so indefinitely framed or of such doubtful construction that it cannot be understood, either from the language in which it is expressed, or from some other written law of the State, such penal law shall be regarded as wholly inoperative."

Subsection (A), article 801. P. C., reads as follows: "The driver or operator of any vehicle in or upon any public highway wherever practicable shall travel upon the right hand side of such highway. Two vehicles which are passing each other in opposite directions shall have the right of way, and no other vehicle to the rear of either of such two vehicles shall pass or attempt to pass such two vehicles. *On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."* (Italics ours).

The complaint was drawn under that portion of the statute we have italicized. It appears to be appellant's contention that the use of the word "practicable" in the first part of the statute renders the statute indefinite in that such term furnishes no guide for determining when the driver of a vehicle is required to drive upon the right hand side of the highway. We doubt if such provision should be held to be indefinite, but think that part of the statute under which appellant was convicted clearly makes it an offence to travel on the left hand side of the highway unless the road on such left hand side is clear and unobstructed for a distance of at least fifty yards ahead. It might be added that the word "practicable" is defined in the dictionary, among other things, to mean "usable; passable." Article 8, P. C., reads as follows: "Words which have their meaning specially defined shall be understood in that sense, though it be contrary to their usual meaning; and all words used in this Code, except where a word, term or phrase is specially defined, are to be taken and construed in the sense in which they are understood in common language, taking into consideration the context and subject matter relative to which they are employed."

If we substitute for the word "practicable" the above definition, the statute would read: "The driver or operator of any vehicle in or upon any public highway wherever usable or passable shall travel upon the right hand side of such highway." In view of the definition mentioned, it is not clear that the first part of the statute is indefinite. However, it is un-

necessary to decide the question in view of our conclusion that that part of the statute under which appellant was convicted sufficiently defines an offense.

Abbott v. Andrews, 45 S. W. (2d) 568, and the other authorities cited by appellant are not deemed to militate against the conclusion we have reached.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—The motion for rehearing is based upon the contention that the provision of the law under which the prosecution rests is in conflict with article 6, of the Penal Code of the State. The provision mentioned and the terms of article 801, P. C., upon which the conviction is founded, are set out in the original opinion.

Appellant refers to the case of Abbott et al. v. Andrews et al., 45 S. W. (2d) 568, in which the Supreme Court of this State said: "The only guide which the statute furnishes in this respect is 'any vehicle moving slowly.' To all legal intents and purposes this is equivalent to no guide at all."

That the statute mentioned is like the one under consideration on this appeal is not deemed tenable. The same principle differentiates the statute under consideration in the case of Griffin v. State, 86 Texas Crim. Rep., 498; Cogdell v. State, 81 Texas Crim. Rep., 66, and other cases cited in the opinion mentioned.

From the argument of counsel for appellant on motion for rehearing we quote as follows: "Can it be said that if on such highway within that distance there was pebbles, a car parked near the sidewalk, a childish toy thoughtlessly pitched into the highway, a milk bottle dropped from a wagon, or any other similar impediment in such street, that it was clear and unobstructed for a distance of at least fifty yards ahead? We think not. 'Clear and unobstructed,' in their common ordinary sense would mean a street swept clear and clean, for if anything was on such highway within that distance it would not be clear and unobstructed."

In interpreting the statute in the present case, the circumstances under which it would become effective in a given case

and the purpose for which it was enacted should properly be taken into account. "Clear and unobstructed" are the words used in the statute. These words have been interpreted in the decisions of other states, as will appear from Words and Phrases, Fourth Series, Vol. 1, p. 424. See also Words and Phrases, Second Series, Vol. 1, p. 735, in which are illustrations of the use of the word "clear" which are deemed in consonance with the conclusion reached and stated in the original opinion in the present case. In fact, the word "clear" is of such general use and apparently comprehensive meaning as applied to the subject of the statute as to include "unobstructed." In other words, as used in the statute, the words "clear" and "unobstructed" are thought to mean the same thing. The subject is further discussed in Words and Phrases, Second Series, Vol. 1, pages 736 and 737, in which will be found judicial decisions upon the subject. In Webster's New International Dictionary, it is said that "clear" means: "free from all that dims, blurs or obscures."

In the light of the appellant's motion and our investigation of the matter, we are constrained to conclude that the motion for rehearing should be overruled, which is accordingly ordered.

*Overruled.*