## McCLELLAND v. MOUNGER.
### No. 4775.

Court of Civil Appeals of Texas. Amarillo.

June 14, 1937.

Rehearing Denied July 10, 1937.

Underwood, Johnson, Dooley & Huff and R. A. Wilson, all of Amarillo, for appellant.

Works & Bassett and L. B. Godwin, all of Amarillo, for appellee.

JACKSON, Chief Justice.

This is an appeal by Joseph C. McClelland from a judgment obtained against him in the district court of Potter county by Mrs. T. E. Mounger, a widow, for personal injuries she suffered in an automobile collision which she claims was caused by the negligence of appellant.

She alleged that about July 3, 1935, while she was riding northwesterly along the right-hand side of the public highway near Claude in Armstrong county in a Chevrolet truck owned and operated with due care by her son, H. S. Mounger, the truck was run into by an automobile traveling in the opposite direction owned and operated by appellant. She alleged that as he approached the point of collision he was traveling at an unlawful and dangerous rate of speed, which exceeded 45 miles per hour, and was driving on the left-hand side of the highway; that he so continued and failed to turn to the right until his automobile was approximately in collision with the truck; that he failed to keep a proper lookout; to reduce his speed; failed to keep his car under control while running on the left-hand side of the highway; that each of said acts considered alone, and all of them considered together, constituted negligence and were separately and collectively the proximate cause of the collision and damages.

The appellant answered by general denial and pleaded that four people were riding in the one seat of the truck which so crowded the driver that he did not have sufficient room to control the car; that immediately prior to the collision, a tire on the truck blew out and on account of the crowded condition of the driver, he lost control; that he was driving at a high and dangerous rate of speed and that the appellee was guilty of negligence in each of the particulars alleged.

In answer to special issues, the jury found in effect that appellant was driving on the left-hand side of the highway; that operating his automobile along the left-hand side of the highway was negligence and such negligence was a proximate cause of the collision and the injuries to appellee; that he failed to turn to the right of the highway in time to avoid the collision; that such failure was negligence and a proximate cause of the injury; that he was not driving his car exceeding 45 miles per hour, but was driving at a dangerous rate of speed under the circumstances; that such dangerous rate of speed was negligence and a proximate cause of the injury; that as he approached the point of the collision, he failed to reduce his speed, and such failure was negligence and a proximate cause of the injury; that he failed to keep a proper lookout; that such failure was negligence and a proximate cause of the injury; that he failed to keep his automobile under control; that such failure was negligence and a proximate cause of the injury; that the seat of the truck in which appellee was riding was not so crowded as to interfere with the driver's control; that the collision and the injuries were not the result of an accident; that appellee was injured by the collision and damaged in the sum of $3,000; that the left-hand front tire on the truck did not blow out just before the collision; that H. S. Mounger, the driver of the truck, did not lose control thereof just before the collision.

On these findings, judgment was rendered that appellee have and recover from the appellant the sum of $3,000, with interest thereon from the date of the judgment at the rate of 6 per cent. per annum, and cost of suit.

· The record shows without dispute that appellee was riding with her son in the truck on the highway traveling in a northwesterly direction toward Claude and should have been on their right-hand side of the highway; that appellant was driving in the opposite direction and should have been on his right-hand side of the highway.

 The appellant presents together his first five propositions, all of which are based on his objection to subdivision (a) of special issue 1, which is that the language, "his left hand side of the highway," is too general and no definition of the meaning thereof is given; and his exceptions and objections to subdivision (d) of special issue No. 1, which are that such issue was without support in the testimony, is not a separate and distinct issue, and submits in another form the same alleged fault covered by subdivision (a); repeats and emphasizes appellee's theory of negligence; is on the weight of the evidence, and assumes or suggests that appellant was on the left-hand side of the highway.

Subdivision (a) of special issue No. 1 is: "Do you find from the preponderance of the evidence that the defendant, Joseph C. McClellan, at the time of the collision in question was operating and running his automobile upon and on his left-hand side of the highway?"

The court then advised the jury if they had answered subdivision (a) in the affirmative to answer subdivision (d): "Do you find from the preponderance of the evidence that the defendant failed to turn to the right and on to his right-hand side of the highway on the occasion in question in time to avoid a collision between the defendant's automobile and the truck in which plaintiff was riding?"

Article 801, subdivision (A), of the Penal Code provides: "The driver or operator of any vehicle in or upon any public highway wherever practicable shall travel upon the right hand side of such highway. Two vehicles which are passing each other in opposite directions shall have the right of way, and no other vehicle to the rear of either of such two vehicles shall pass or attempt to pass such two vehicles. On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

It will be noted that this statute uses the language, "travel upon the right hand side of such highway," and "the road on the left hand side of such highway." In Ex parte Williams, 128 Tex.Cr.R. 148, 79 S.W.(2d) 325, the Court of Criminal Appeals holds that the language in article 801 (A), Penal Code defines an offense with sufficient certainty that a prosecution may be based thereon when the article is violated, and the Supreme Court in Texas Co. v. Betterton et al., 126 Tex. 359, 88 S.W.(2d) 1039, 1040, cites Ex parte Williams, supra, with approval, mentions the statute and says: "Clearly it prescribes a civil duty."

There was no error in the failure of the court to define "his left-hand side of the highway." Wichita Falls & S. R. Co. v. Tucker (Tex.Civ.App.) 261 S.W. 518.

 The appellee, after alleging that appellant was driving on the left or wrong side, pleads that he so continued and failed to return to the right side in time to avoid the collision. The testimony was ample to present this as a fact issue.

 It is settled that each party to a suit is entitled to have every material fact issue presented by the pleadings and the testimony submitted to the jury. Tarver v. Vallance (Tex.Civ.App.) 97 S.W.(2d) 748, and authorities cited.

 The driver of a vehicle, if acting within the limitations of article 801(A) of the Penal Code, may drive on the left-hand side of the highway, and whether so driving constitutes negligence is a question of fact. If so driving is not negligence, but he fails to exercise ordinary care in returning to the right side to avoid a collision with a vehicle, such failure would constitute an act of negligence separate and distinct from driving on the left side, and the submission of such issue was not a resubmission of the theory of negligence submitted in subdivision (a).

 Subdivision (d) is not on the weight of the evidence, nor does it assume or suggest that appellant was on the left-hand side of the highway, inasmuch as the answer thereto is conditioned by the court upon the finding by the jury that appellant was operating his automobile on the left side of such highway. Proctor et al. v. Cisco & N. E. Ry. Co. et al. (Tex.Com.App.) 277 S.W. 1047; Davis v. Christensen (Tex.Civ.App.) 247 S.W. 303 (writ refused); Joy v. Craig (Tex.Civ.App.) 94 S.W.(2d) 524 (writ dismissed).

■ The appellant presents together propositions 6 to 12, inclusive, based on his objections to special issue No. 3(a), which is: "Special Issue No. 3. (a) Do you find from the preponderance of the evidence that the defendant on the occasion of the collision in question was operating and running his automobile at a rate of speed that was dangerous under the circumstances?" The objections are to the effect that this issue was not raised by pleading or proof; was too general; gave the jury no standard by which to determine whether the speed was dangerous, but left them to apply any test they selected; did not state a separate issue, but was a repetition of the issue submitted in 2(a); included speed less than 45 miles per hour; and was on the weight of the testimony.

The appellee alleged that appellant approached the point of the collision running his car at a "high and unlawful, dangerous rate of speed, to-wit: exceeding forty-five miles per hour." There is no exception to the above allegation and no ruling on any demurrer urged to appellee's petition.

While controverted, there is testimony to the effect that the dirt highway where the collision occurred had been recently scraped or bladed, making a driveway about twelve feet wide on either side, leaving two small ridges of loose dirt in the center; that as the truck neared the place of the collision, two cars were coming on their right-hand side of the highway meeting the truck, one a Ford in front, and the Studebaker driven by appellant in the rear; that appellant turned to the left-hand side of the road to pass the Ford and continued thereon until immediately prior to the collision; that he looked back at the Ford or something else and swung to the right in an attempt to pass the truck, but the left-hand rear wheel of the Studebaker and the left-hand front wheel of the truck collided, which resulted in the wreck.

Article 790 of the Penal Code provides in substance that no person driving a vehicle on the public highways shall, pass another vehicle at such rate of speed as to endanger the life or limb of any person or the safety of any property.

"A person may be guilty of negligence or contributory negligence in operating his car at an excessive rate of speed even though the statute does not fix a maximum limit, or the maximum limit as fixed by the statute is not exceeded, and in such case where the issue is raised by the pleadings and evidence it is ordinarily a question for the jury to determine whether, under all the circumstances, the rate of speed at which the automobile was being operated was negligence. * * *

"We think the defendant's pleadings were sufficient to raise the issue that the plaintiff was, under the circumstances, operating his car at a negligent rate of speed, and that it was not necessary for defendant to show that plaintiff was exceeding 45 miles per hour. The allegation that plaintiff was operating his automobile at an unreasonable and unsafe rate of speed, to wit, 45 miles per hour, included any rate of speed less than 45 miles per hour, and which was, under the circumstances, unreasonable and unsafe. The evidence likewise raised the issue. Debes v. Greenstone (Tex.Civ.App.) 260 S.W. 211, par. 10; Bradley v. Becker, 296 Mo. 548, 246 S.W. 561; Dollar Dodge Rent Service, Inc., v. McEwen (Tex.Civ.App.) 273 S.W. 889." Morrison v. Antwine (Tex.Civ.App.) 51 S.W.(2d) 820, 821. See, also, West Texas Coaches, Inc., v. Madi et al. (Tex.Com.App.) 26 S.W.(2d) 199; Debes et al. v. Greenstone (Tex.Civ.App.) 260 S.W. 211.

While the jury found in response to a proper issue that appellant was not driving in excess of 45 miles per hour, this finding did not exclude the issue of driving at a dangerous rate of speed, which under the pleading and the testimony was a separate issue that appellee was entitled to have submitted to the jury.

■ Doubtless the court should have limited the words, "under the circumstances," to the allegations of the petition, and also to have defined "dangerous speed." Texas & N. O. R. Co. v. Crow et al., 121 Tex. 346, 48 S.W.(2d) 1106.

■ Appellant's contention that the court assumed that he was on the wrong side of the highway, since that was the only circumstance that would have rendered the rate of speed material, is not tenable. The narrow condition of the traveled part of the highway on either side of the center, the two little ridges of dirt, his passing of the Ford car and looking at such machine as he passed, and the nearness of his approach to the truck were circumstances that the jury was authorized to consider in determining whether or not his rate of speed was dangerous. West Texas Coaches v. Madi (Tex.Civ.App.) 15 S.W.(2d) 170, affirmed by the Supreme Court 26 S.W.(2d) 199, supra.

■ The jury found that appellant was driving on the left-hand side of the

highway at the time of the collision; that driving there was negligence, and that such negligence was a proximate cause of appellee's injury. The sufficiency of the testimony to authorize the jury to so find on these three issues is not challenged, and the findings were sufficient to authorize a judgment against the appellant, and in our opinion, the objections urged to special issue 3 do not require a reversal of the judgment, since the law is that: "Independent of the question involved in the submission to the jury by the trial court of special issues Nos. 3, 4, 5, and 6, above copied, this record would not authorize a reversal of this case. There were two or more grounds of negligence relied upon by defendants in error and submitted to the jury, and the jury made favorable findings in answer thereto. Bearing upon this question, we quote from the opinion of Chief Justice Hickman in the case of Wichita Valley Railway Co. v. Williams (Tex.Civ.App.) 6 S.W.(2d) 439, 442 (error denied), as follows: 'The case, however, should not be reversed on this account. There were two separate and distinct grounds of negligence relied on by appellee and submitted to the jury. One of these grounds of negligence was improperly presented, but the other ground, viz. the failure of the appellant to stop the train a reasonably sufficient length of time within which to permit appellee, by exercising reasonable diligence and dispatch, to alight therefrom before same was again put in motion, was found by the jury to be negligence, and the proximate cause of appellee's injuries. Since the judgment finds support on one ground of negligence, the error of the court in improperly submitting another ground of negligence alleged was harmless. Thornton v. Moody (Tex.Civ.App.) 24 S.W. 331 (error refused); Northwestern Nat. Life Ins. Co. v. Blasingame et al., 38 Tex.Civ.App. 402, 85 S.W. 819 (error refused); Ward et ux. v. Cathey (Tex.Civ.App.) 210 S.W. 289 (error refused); Yoes v. Texas & P. Ry. Co. (Tex.Civ.App.) 211 S.W. 311; Eastern Texas Elec. Co. v. Hunsucker (Tex.Civ. App.) 230 S.W. [817] 819.' " West Texas Coaches, Inc. v. Madi (Tex.Com.App.) 26 S.W.(2d) 199, 202. See, also, Commercial Standard Insurance Company v. Shudde et ux. (Tex.Civ.App.) 76 S.W.(2d) 561.

What we have heretofore said, we think, is sufficient to dispose of appellant's propositions from 13 to 28, inclusive, all of which are based on his objections to special issues Nos. 4 to 7, inclusive, together with their respective subdivisions.

On the question of unavoidable accident, the court submitted special issue No. 8, which is as follows:

"Do you find, from the preponderance of the evidence, that the collision in question, and the injuries, if any, to the plaintiff, were not the result of an accident?

"Answer: 'It was not the result of an accident,' or 'It was the result of an accident,' according to your finding."

The court sufficiently defined accident.

The jury answered, "It was not the result of an accident."

The appellant objected to this issue with the answers prescribed because it did not correctly place the burden of proof, since for defendant to prevail, he was required to show that the collision was an accident, when under the law he was entitled to such finding if appellee failed to show by a preponderance of the evidence that it was not an accident, or if the testimony was evenly balanced; it presented an affirmative contest, and as submitted was misleading.

Under this issue from what was the jury to answer, "It was an accident," unless from a preponderance of the evidence?

If by some subtle and refined reasoning this conclusion should be escaped, we are lost in confusion which, we think, may be demonstrated by the following transposition of the language of the issue, so as to read:

"According to your finding,

"Answer: 'It was an accident.'

"If 'You find from the preponderance of the evidence that the collision and injuries, if any, to the plaintiff were not the result of an accident.' "

This assignment is sustained.

"Where the evidence raises the issue of unavoidable accident, that issue should be submitted, even though it is comprehended in the major issue of the defendant's negligence. So that, being a part of plaintiff's case to show that there was no accident, it would be error to submit the issue for an affirmative finding upon a preponderance of the evidence." Spear on Special Issues, par. 137.

In determining whether an issue is misleading or confusing, "The true test is thought to be: If there is a reasonable doubt of the clearness,—understandableness

of the issue by the jury,—a reversal should follow. * * * It is error of a vital form to submit an issue that is not fairly understandable by the jury, and it should work a reversal unless it can be fairly said no prejudice followed. Ordinarily this cannot be said, except perhaps when from other findings the whole issue becomes immaterial." Spear on Special Issues, par. 196.

"It is error to place the burden of proof on the 'defendant in submitting the issue of unavoidable accident." Thurman et al. v. Chandler et al., 125 Tex. 34, 81 S.W.(2d) 489, 491.

For additional authorities, see Psimenos v. Huntley (Tex.Civ.App.) 47 S.W.(2d) 622, approved by the Supreme Court; Texas Employers' Ins. Ass'n v. Lemons, 125 Tex. 373, 83 S.W.(2d) 658; Terrell Wells Health Report, Inc., v. Severeid (Tex.Civ.App.) 95 S.W.(2d) 526.

The testimony, we think, was sufficient to make the question of an unavoidable accident a fact issue.

The appellant contends that the court erred in not granting him a new trial because of the newly discovered evidence of witnesses Porter Smith and Ralph Nickell.

These witnesses were not related to any of the litigants and were wholly disinterested parties. Their testimony, as revealed, would not be limited to impeachment purposes nor entirely cumulative, but some of it is material because it tends to show that the collision occurred on appellee's side of the highway, and if accepted by a jury, would eliminate what both parties concede to be the primary issue in the case. The fact that these witnesses are entirely disinterested would probably change the result of another trial.

Appellee contends that appellant failed to exercise proper diligence in presenting the newly discovered evidence to the court and opposing counsel after it was discovered. This issue was decided by the trial court adversely to appellee's contention, and, we think, on sufficient showing. This leaves for our consideration the question of whether or not appellant had exercised sufficient diligence before the trial to learn that the witnesses, Smith and Nickell, inspected the highway at the place of collision shortly after it occurred.

The collision occurred July 3, 1935. On July 20th, thereafter, Hamilton and Fitzgerald, attorneys of Memphis, Tex., advised appellant by letter that they had been retained by appellee to represent her in the matter of recovering the damages she sustained as a result of the collision. Appellant delivered this letter to the Howard Williams Agency who as agents had placed a policy of insurance on appellant's automobile. A few letters were exchanged, which disclosed that appellant's contention then was that H. S. Mounger, the son of appellee, had admitted in his presence and also before disinterested parties that a tire blew out on his truck which caused the collision. Such testimony was introduced on the trial. This contention was embodied in a letter dated July 27, 1935, addressed to Messrs. Hamilton and Fitzgerald, and so far as this record reveals, that ended the negotiations and no further effort was made by this firm of attorneys to prosecute the claim. The next time the claim was presented was about January 19, 1936, by Mr. John Merchant, who was associated with L. B. Godwin to investigate claims for suit. He showed appellant the contract of employment with the Moungers, and advised him it was still the purpose to sue on the claim.

The discontinuance of the efforts of Hamilton and Fitzgerald and the apparent abandonment of the claim by appellee from July 27th to January 18th was calculated to lull appellant's apprehension as to the institution of a suit and induce him to desist from investigation. The suit was instituted on March 18, 1936, and the trial thereof begun on May 28th, thereafter. It is uncontroverted that promptly after the suit was filed the appellant employed attorneys; that the services of R. A. Handley, who makes a specialty of such business, was obtained to make a thorough investigation of the facts and the witnesses available. The details of the investigation are fully disclosed. In our opinion, they show reasonable diligence to discover witnesses before the trial. The record shows that both of the witnesses were discovered, the day the trial ended, in an adjoining county. One witness refused to disclose what he knew until after the trial, and the other declined to attend court to testify. Of course, compulsory process was not available, and there was no time to secure deposition. It is our opinion that the court erred in refusing to grant a new trial. Lawler v. Dunlap (Tex.Civ.App.) 27 S.W. (2d) 586, and authorities cited; Huggins v. Carey, 108 Tex. 358, 194 S.W. 133; Houston & T. C. Ry. Co. v. Forsythe, 49 Tex. 171; 31 Tex.Jur. page 113.

The judgment is reversed, and the cause remanded.