LESTER LEE MORGAN v. THE STATE.

No. 19874.   Delivered November 2, 1938.

The opinion states the case.

*Baskett & Parks*, of Dallas, for appellant.

*Lloyd W. Davidson*, State's Attorney, of Austin, for the State.

GRAVES, JUDGE.—Appellant was convicted of negligent homicide in the second degree, and his punishment assessed at confinement in the county jail for 547 days.

He moved to quash the indictment, at the proper time, as well as presenting a motion in arrest of judgment after convic-

tion because, among other things, the indictment failed to charge an offense against the laws of the State.

The law claimed to have been violated by appellant, while committing the act of negligent homicide, was Article 801a, Penal Code, which reads as follows: "(a) The driver or operator of any vehicle in or upon any public highway wherever practicable shall travel upon the right-hand side of such highway," a violation of which is punishable as a misdemeanor.

One of the essential elements of negligent homicide of the second degree is the commission of an act which is penal and a misdemeanor. Article 1240, Penal Code.

In the outset hereof we find ourselves confronted with a serious question relative to the indictment herein, the charging part of which is as follows:

" * * * in the County and State aforesaid, was in the performance of an unlawful act, to-wit, the said Lester Lee Morgan was then and there unlawfully driving and operating a motor vehicle, to-wit, an automobile, upon and along a public street and highway, to-wit, Houston Street Viaduct, in the City of Dallas, County and State aforesaid, and he did then and there drive and operate said automobile upon and along the wrong side, and the improper side, of said Houston Street Viaduct, to-wit, the left hand side of said Houston Street Viaduct, and while so unlawfully driving and operating said automobile upon said wrong side of said Houston Street Viaduct, he did then and there, with said automobile, strike and kill Frank Prueitt, by unlawfully, negligently and carelessly driving and running said automobile into and against an automobile in which the said Frank Prueitt was then and there an occupant, there being no apparent intention upon the part of the said Lester Lee Morgan to cause the death of the said Frank Prueitt, and there being then and there apparent danger of causing the death of the said Frank Prueitt, by driving and running said automobile on the wrong and improper side of said Viaduct, when the danger would have been known to the said Lester Lee Morgan if he had used that degree of care and caution which a person of ordinary prudence would have used under like circumstances."

In Gutierrez v. State, 68 S. W. (2d) 198, we held that a simple charge in the indictment that the person charged therein "did unlawfully operate and drive a motor vehicle on the left side of a public highway" was not the charging of a criminal act, it not being unlawful per se to so drive. In that case it

was held that the pleadings should have alleged such facts as would show that the driving on such left side of the highway came under a state of facts which made the same unlawful. In our opinion sufficient allegations should have been made in the indictment to show that it was practicable to have driven on the right hand side of the highway, and was, therefore, an offense against the law to thus drive on such left hand side thereof.

The word "practicable" as used in Article 801a, supra, means "usable; passable" as defined in Ex parte Williams, 79 S. W. (2d) 325.

It is our opinion that the State has failed to alleged sufficient facts to show that the appellant was in the commission of an unlawful act at the time he struck the automobile and killed Frank Prueitt, and that it therefore fails to charge an offense against the law denominated as negligent homicide of the second degree.

There are many complained of errors brought forward in the record which we will not notice as they will not probably occur again should a new indictment herein be found.

On account of the insufficiency of the indictment the judgment is reversed and the prosecution ordered dismissed.