AUBREY CLICK v. THE STATE.

No. 22177. Delivered June 24, 1942.
Rehearing Denied October 14, 1942.

The opinion states the case.

*J. P. Moseley,* of Ennis, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

470

DAVIDSON, Judge.

This is an appeal from a conviction for negligent homicide of the second degree; the punishment, a fine of $500.00.

The unlawful act which was charged as constituting negligence on the part of the appellant was "that the said Aubrey Click was then and there unlawfully driving and operating a motor vehicle, to-wit, an automobile, upon and along a public road and highway, to-wit, United States Highway No. 80, in the County of Dallas, State, of Texas, on the left hand side of said public road and highway, when the said left hand side of said road and highway was not then and there clear and unobstructed for a distance of fifty yeards ahead of the said automobile then and there being driven and operated by him, the said Aubrey Click * * *." Such allegation was sufficient to charge a violation of Sec. (A) of Art. 801, P. C., See: Guiterrez v. State, 125 Tex. Cr. R. 283, 68 S. W. (2d) 198; Ex parte Williams, 79 S. W. (2d) 325.

The highway upon which the collision occurred runs in an east-west direction. The car in which deceased was riding was traveling west, and that of the appellant was traveling east. According to witnesses for the State, as the deceased's car was going up a hill the appellant's car came over the hill, at a high rate of speed; and, when first seen, appellant's car appeared to be on the north side of the road, which was the left-hand side of the road to appellant's car. Appellant's car was seen to pull back to the south or righthand side of the road, and to cross over again to the lefthand side, into the path of the car in which the deceased was riding, when within forty or fifty feet of the deceased's car. The collision occurred because appellant's car ran into the deceased's car; at which time the right wheels of deceased's car were off the paved portion of the right-hand side of the highway. This testimony showed not only that appellant was guilty of driving his automobile on the left-hand side of the road, as charged, but also that such act caused the collision and resultant death of the deceased.

Appellant did not seriously challenge the State's testimony with reference to the position of the cars at the time of the collision. His defensive theory is best shown by quoting from his testimony, as follows:

"Right before I came to this collision, I came to a hill that sloped toward Terrell. Well, just as I got at the top of the hill,

there was a car - - some lights blinded me. Lights from another car *was* bright, and blinded me, and I called for the dimmers and they didn't put them on, and I put on my brakes, and my car went to shimmying, and after that, I don't know what happened. After the car went to shimmying, that is the last I remember. * * *

"After I saw myself in that predicament, my car shimmying, I did all I could to control my car. And the lights shining in my face, that created an emergency there for me. My car shimmying created an additional state of emergency for me. After that happened, I did all I knew how to do to control my automobile. I don't remember any collision."

The jury were instructed, in effect, to convict appellant if they believed, beyond a reasonable doubt, that appellant, while in the commission of the unlawful act mentioned, with no apparent intention of killing deceased, drove his car into that of the deceased, thereby killing him, and, at the time of so doing, there was apparent danger of causing the death of the deceased.

In addition thereto, at appellant's request, a charge on unavoidable accident was given; by which the jury were instructed, in effect, that if they believed or entertained a reasonable doubt that the collision of the cars occurred without negligence on the part of the appellant or the driver of the deceased's car, they should acquit the appellant.

Appellant insists that, under the facts stated, he was entitled to have the jury instructed to the effect that if, at the time of, and just prior to, the collision, he was exercising ordinary care in the operation of his automobile, or if, just prior to the collision, he was confronted with a sudden emergency, and if, under the circumstances confronting him in such emergency, he exercised ordinary care in the operation of his automobile, he would not be guilty. Special requested charges embodying these theories were requested and refused. The practical effect of such charges was to tell the jury that, if appellant exercised ordinary care in the commission of the unlawful, and, therefore, negligent, act of driving his car on the left-hand side of the road at the time he did so, he would not be guilty. This, of course, is not the law, and would constitute no excuse or defense for the commission of the unlawful act on appellant's part.

472

Moreover, it must be remembered that contributory negligence and other kindred defensive issues, which ordinarily arise in civil actions for damages for personal injuries, have no application to and do not govern negligent homicide cases. 2 R. C. L. 1213; Vasquez v. State, 52 S. W. (2d) 1056, 121 Tex. Cr. R. 478; 26 Am. Jur. P. 231.

The trial court having made appellant's guilt depend upon the jury's finding that the collision and the death of the deceased were caused by the unlawful act of appellant in driving his automobile upon the left-hand side of the road, it was unnecessary to define the term "proximate cause" as applied in civil cases for damages arising out of negligence.

The indictment followed the statute and established precedent and was subject to no valid objection. See Willson's Texas Criminal Forms, No. 539.

The judgment of the trial court is affirmed.

BEAUCHAMP, Judge, did not participate in the disposition of this case.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

ON MOTION FOR REHEARING.

GRAVES, Judge.

We adhere to the proposition that the doctrine of contributory negligence has no application in a case of negligent homicide.

Appellant complains because Katrina Kirby, the daughter of the deceased, who was sitting by the side of her father at the moment of the impact that caused the father's death, was allowed to testify that when they saw the appellant's car weaving about on the highway her father said "God, Almighty, the man must be drunk." It is shown by the bill that such remark was made "just as defendant's car struck the car in which she (witness) and her father were riding." We are of the opinion that such remark was clearly res gestae, and regardless of the form it took, it was admissible. See 18 Tex. Jur., p. 301.

A further bill urges that the following remarks of Hon. C. A. Pippen, assistant district attorney, were in error. It seems that this gentleman, in prefacing his argument to the jury, addressed the trial court as follows: "Ordinarily, your Honor, I do not appear in the trial of a criminal case, but I do appear in this case because of the seriousness of this case." The objections proffered thereto seem to us to be without merit. Undoubtedly this was a serious case, involving as it did the death of a man, and we see no error, neither actual nor fanciful, in such remarks.

The motion is overruled.