BILL J. EASON V. THE STATE.

No. 23540. Delivered January 22, 1947.

*Jones & Jones,* of Mineola, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

HAWKINS, Presiding Judge.

Conviction is for negligent homicide, punishment assessed being ninety days in jail.

The act of negligence relied on was a violation of subdivision A of Art. 801 P. C. (1925). It was alleged in the complaint and information that appellant drove a motor vehicle upon the left side of a public highway when the road on that side was not clear and unobstructed for a distance of at least fifty yards ahead, etc.

Appellant sought to quash the complaint and information, relying upon Gutirrez v. State, 125 Tex. Cr. R. 283, 68 S. W. (2d) 198 and Morgan v. State, 135 Tex. Cr. R. 402, 120 S. W. (2d) 1063. Appellant has apparently overlooked Ex parte Williams 128 Tex. Cr. R. 148, 79 S. W. (2d) 325 and the more recent cases of Click v. State, 144 Tex. Cr. R. 468, 164 S. W. (2d) 664 and Casares v. State, 144 Tex. Cr. R. 465, 164 S. W. (2d) 700, in which the State's pleading is in the exact language employed in the present case, and was held to properly charge the offense.

The party killed was Frank Willingham. He was riding in

the back seat of an automobile which was being operated by L. R. Birchfield; occupying the front seat with Birchfield was his wife, Mrs. Leonard Birchfield. Willingham and Birchfield were half brothers. This car was in collision with one being driven by appellant. Occupying the car with him were five other boys. The Birchfield car was going east; appellant's going west. Mr. and Mrs. Birchfield testified that they saw appellant's car for two hundred yards before the collision during all of which time it was on the south or left side of the center line of the road; that at one time it went off the pavement on the south side and then back onto the pavement, but remained on the left side of the center line of the road; that immediately before the collision, and in an effort to avoid it Birchfield swerved his car to the left but appellant's car struck the Birchfield car on the right rear side, smashing it in and resulting in the death of Willingham. Evidence for appellant is in sharp conflict with that for the State. Appellant and his witnesses testified that his car was never across the center line of the road on the south and never off the pavement on the south side, but that always approaching the scene of the collision his car was travelling on the right or north side of the center line, until just immediately before the collision the Birchfield car swerved sharply to the north across the center line directly in front of appellant's car at which time, in an effort to avoid the collision, appellant turned to his left.

In his instructions to the jury the trial court predicated guilt of appellant upon a finding by the jury beyond a reasonable doubt that he drove his car on the left side of the road when such side was not clear and unobstructed for at least fifty yards, and that this was the cause of the collision. Notwithstanding the sharp conflict in the evidence upon the crucial point involved no defensive charge whatever was given. Complying with the rule in misdemeanor cases, appellant objected to the charge because of such omission and requested special charges to supply the omission. These special charges were refused. One of them advised the jury that if they found from the evidence that at the time of the collision appellant was driving his car upon his right hand side of the highway he should be acquitted; another was to the effect that if the collision resulted from the Birchfield car turning abruptly into the path of appellant's car he would not be guilty. The special charge last mentioned standing alone might have been misleading as it ignored the manner of appellant's driving until the time of the collision, but certainly if appellant was driving upon his right side of the road and the other car turned abruptly into

the path of appellant's car, and thus caused the collision, appellant would not be guilty. The evidence pertinently and pointedly raised this defensive issue and the trial court should have submitted it to the jury either by giving the special charges or in some other appropriate language. The failure to so instruct the jury demands a reversal of the judgment.

A number of photographs of the two cars showing their condition after the collision were admitted in evidence over the objection of appellant that the pictures were taken after the cars had been moved from the scene of the collision. The evidence shows the cars were in the same condition when the pictures were taken as they were immediately after the collision. No error appears in admitting the pictures in evidence.

There are many bills of exception in the record. They have all been examined. In our opinion they either do not reflect error, or they are such as will not likely occur upon another trial, hence they are not thought to merit discussion.

For the error pointed out the judgment is reversed and the cause remanded.