**Emmett Earl JOHNSON, Appellant,**

v.

**The STATE of Texas.**

**No. 42187.**

Court of Criminal Appeals of Texas.

Sept. 22, 1969.

---

Briscoe, Dally & Shaffer, by Joe C. Shaffer, Houston, for appellant.

Carol S. Vance, Dist. Atty., James C. Brough and A. D. McAshan, Asst. Dist. Attys., Houston, and Jim D. Vollers, State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is negligent homicide in the first degree; the punishment, nine months in jail.

Appellant, in his brief, complains that six of his seven requested charges were denied. This is followed by a summary of the requested charges. No facts are asserted which would require our examination of the record and only one authority is cited, but no showing is made that it is applicable to the case at bar.[1]

Such a brief does not comply with the mandatory provisions of Art. 40.09, Vernon's Ann.C.C.P., Sec. 9, and presents nothing for review, Keel v. State, Tex.Cr. App., 434 S.W.2d 687, and Crotts v. State, Tex.Cr.App., 432 S.W.2d 921.

Appellant's first contention relates to the court's overruling his objection to certain testimony to the effect that appellant's automobile was behaving in a very erratic manner. The sole objection was that it was not responsive. Without the citation of any authority or any discussion of the law we are not inclined to discuss the same.

His second contention relates to the admission of a picture of a section of a vacant highway. We perceive nothing harmful therefrom.

His third contention is that the court erred in admitting pictures of the different

1. Eason v. State, 150 Tex.Cr.R. 15, 198 S.W.2d 896 is authority for the rule that if appellant's evidence is that the automobile with which he collided crossed over into his lane of traffic where the collision occurred then a charge submitting such defense should be given. In the case at bar appellant admitted that his automobile passed over into the opposite lane but that he had lost control thereof.

wrecked automobiles. We overrule his contention that they were immaterial.

What appellant designates as bills of exception one and two relate to the court reporter reading certain portions of the testimony of two witnesses under the direction of the judge in answer to inquiry from the jury.

Appellant complains that all of the remaining testimony of each of such witnesses should have been read by the reporter. The trial court carefully complied with the provisions of Article 36.28 V.A.C.C.P.

Finding no reversible error, the judgment is affirmed.