**Allen Scott BROWN, Appellant,**

v.

**The STATE of Texas, State.**

**No. 2–88–023–CR.**

Court of Appeals of Texas,
Fort Worth.

June 15, 1989.
Rehearing Denied July 20, 1989.

Jerry Cobb, Criminal Dist. Atty., and Gwinda Burns, Asst., Denton, for the State.

Richard S. Podgorski (on appeal only), Denton, for appellant.

Before HILL, FARRIS and MEYERS, JJ.

## OPINION

HILL, Justice.

Allen Scott Brown appeals from his conviction by a jury of the offense of criminally negligent homicide. *See* TEX.PENAL CODE ANN. sec. 19.07(a) (Vernon 1989). The jury assessed his punishment at one year confinement in the Denton County Jail and a fine of $2,000 with a recommendation that both the jail sentence and fine be probated for a period of one year. Probation was granted on December 23, 1986.

In three points of error, appellant contends that the trial court erred: (1) because the evidence is insufficient to support a verdict of guilty beyond a reasonable doubt; (2) in charging the jury that neither accident nor contributory negligence of another is a defense to the offense of criminally negligent homicide; (3) in its charge to the jury that appellant could be found guilty on two theories; (4) by not defining the term "fail to control the speed;" and (5) by submitting to the jury a charge not supported by the evidence.

We affirm the trial court's judgment because we find that: (1) the evidence is sufficient to support the conviction because a rational trier of fact could find that the essential elements of the crime were established beyond a reasonable doubt; (2) the court correctly stated the law in its jury charge; and (3) the court was not required to define the phrase "fail to control the speed" of the motor vehicle.

■ Brown urges in point of error number one that the evidence is insufficient to support his conviction. Testimony offered at trial established that at approximately 6:30 p.m. on February 18, 1986, at the intersection of Bell Avenue and Mingo Street in Denton County, appellant's pickup truck collided with an automobile driven by Ida Stephens causing the death of Lois Landers, a passenger in the automobile driven by Stephens. According to several eyewitnesses to the accident, Brown was traveling at a high rate of speed and made no attempt to slow down as he approached the intersection.

Charles Farmer, an eyewitness, testified that he was traveling on South Bell Avenue in his pickup truck, that he stopped at the intersection of South Bell Avenue and Mingo Street because the light had changed from green to yellow, and that he was waiting to cross the intersection and head north on Bell when he looked in his right rearview mirror and saw the headlights of appellant's vehicle "moving pretty fast." Farmer then observed the automobile in which the decedent was a passenger enter the intersection. Prior to the collision, he did not hear any tire squeal nor observe brake lights on appellant's car, or any other evidence that the appellant attempted to stop his vehicle prior to the collision. The other eyewitnesses also testified that appellant's car was traveling "fast" or "at a high rate of speed" as it approached the intersection.

The information charged appellant with "criminal negligence, to wit: ... failure to control the speed of the motor vehicle [he]

was driving and operating and [his] failure to stop the motor vehicle he was driving and operating at an intersection, when he was facing a traffic control device exhibiting a steady red signal, cause the death of an individual, Lois Landers."

 We are to view the evidence in the light most favorable to the verdict and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See Bonham v. State*, 680 S.W.2d 815, 819 (Tex.Crim.App.1984). In a prosecution for criminally negligent homicide, the State has the burden to show that the appellant ought to have been aware of a substantial and unjustifiable risk that death of an individual would occur as a result of his conduct, and that the failure to perceive the risk of a resulting death was a gross deviation from the standard of care that an ordinary person would exercise under all circumstances as viewed from appellant's standpoint. *Graham v. State*, 657 S.W.2d 99, 101 (Tex.Crim.App. 1983).

We find that the evidence is sufficient to support Brown's conviction.

Appellant urges that testimony that his car was traveling "fast" and that he did not slow down as he entered the intersection does not speak to the issue of whether he failed to control the speed of his motor vehicle. By his own testimony, appellant indicated that he made no attempt to stop or slow down as he entered the intersection and that he was distracted by the pickup truck that had stopped at the light. Appellant also testified that he traveled the Bell Avenue route every day going to and from work and was aware that the intersection required caution whenever any car was stopped in the intersection to make a left turn because a curve in the road created a blind spot. In addition, Officer Gary Moors, a Denton Police Officer, testified that appellant admitted he was not watching the light when he entered the intersection, but was watching the pickup truck that had stopped at the light. We overrule point of error number one.

 Brown asserts in point of error number two that the trial court erred in charging the jury that neither accident nor contributory negligence of another is a defense to the offense of criminally negligent homicide. His trial objection was that by not limiting the instruction to include only the criminal negligence of the deceased the trial court's instruction was a comment on the weight of the evidence. In prosecutions for negligent homicide, the doctrine of contributory negligence as applied in civil actions is not applicable. *See Click v. State*, 144 Tex.Crim. 468, 164 S.W.2d 664, 666 (1942). This is true whether or not the negligence is that of the deceased. *See id.* Accident is also not a defense. *Skyes v. State*, 399 S.W.2d 349, 352 (Tex.Crim.App. 1966). We overrule point of error number two.

Brown makes three contentions in point of error number three. He argues that the trial court erred: (1) by charging the jury that it could find him guilty on either of two theories; (2) by not defining the term "failure to control speed"; and (3) by giving a charge on failure to control speed since it was not supported by the evidence.

 The information alleged that Brown was criminally negligent due to his failure to control the speed of his vehicle and due to his failure to stop at a red traffic signal. The jury was charged that it could find Brown guilty if it found beyond a reasonable doubt that, with criminal negligence, Brown either failed to control his speed or failed to stop at a red traffic signal. It is proper for a charging instrument to allege an offense in the conjunctive and for the jury to be charged disjunctively. *Vasquez v. State*, 665 S.W.2d 484, 486 (Tex.Crim.App.1984). Brown contends that one of the charges, the failure to control speed, was not supported by the evidence. We find that the evidence, as we have outlined it above, supports Brown's conviction, if in fact it were based on a jury determination that he, acting with criminal negligence, failed to control his speed.

 Brown also argues that the trial court erred by not defining the term "failure to control speed." A trial court has no

obligation to define a term that is not statutorily defined if the term or phrase has such a common and ordinary meaning that jurors can be presumed to know and could apply such meaning. *See Phillips v. State,* 597 S.W.2d 929, 937 (Tex.Crim.App.1980). We find that the term "failure to control speed" has such a common and ordinary meaning that jurors can be presumed to know and could apply it without further instruction from the court. Brown relies on the case of *Thomas v. State,* 474 S.W.2d 692 (Tex.Crim.App.1972), in which the Court of Criminal Appeals held that it was error for the trial court to fail to define the term "prima facie evidence." We find that case to be a proper application of the rule as we have just stated it, distinguishable because the term "prima facie evidence" is not a term of common and ordinary meaning. We overrule point of error three.

The judgment is affirmed.