**HUNT et al. v. ATKINSON, County Judge, et al. (No. 9117.)***

Court of Civil Appeals of Texas. Galveston. Nov. 23, 1927.

Rehearing Denied Dec. 8, 1927.

1. **Municipal corporations ⬅29(1)—Statute held not to invalidate city charter provisions authorizing extension of boundaries without election (Rev. St. 1925, art. 1265; Houston Charter, § 2b).**

Rev. St. 1925, art. 1265, authorizing cities between 100,000 and 150,000 to extend boundaries by majority vote of qualified voters does not invalidate provisions of Houston Charter, § 2b, authorizing extension of boundaries by ordinance without election; later statute merely providing additional method for extending boundaries.

2. **Statutes ⬅159—Implied repeal of law is never presumed, unless acts are so contradictory and antagonistic that both cannot stand.**

Implied repeal of law by subsequent statute is never presumed by the courts, unless the two are so contradictory and antagonistic that both cannot stand, and, if they can be reconciled by any reasonable construction and a field for operation of older law remain, there is no implied repeal.

3. **Statutes ⬅225—City charter and statute authorizing extension of boundaries being in pari materia, must be construed as one (Houston Charter, § 2b; Rev. St. 1925, art. 1265).**

Houston Charter, § 2b, authorizing extension of boundaries by ordinance without election, and Rev. St. 1925, art. 1265, authorizing cities of between 100,000 and 150,000 to extend boundaries by majority vote of electors, being in pari materia, must be construed as one.

4. **Municipal corporations ⬅33(10)—Validity of city's incorporation of adjacent territory cannot be collaterally attacked in mandamus for election to incorporate territory as city (Rev. St. 1925, arts. 1154–1159, 1265; Houston Charter, § 2b).**

Validity of city's incorporation of adjacent territory, in exercise of power conferred by Constitution, Houston Charter, § 2b, and Rev. St. 1925, art. 1265, cannot be collaterally attacked in mandamus to compel county judge to call election to determine on incorporation of such territory as city under articles 1154–1159, but only in direct proceeding brought for that purpose by state.

Appeal from District Court, Harris County; Ewing Boyd, Judge.

Suit for mandamus by G. O. Hunt and others against Norman Atkinson, County Judge of Harris County, and the City of Houston. Judgment for defendants, and plaintiffs appeal. Affirmed.

Ward & Ward, of Houston, for appellants.

Sewall Myer and J. H. Painter, both of Houston, for appellees.

PLEASANTS, C. J. This appeal is from a judgment of the court below in favor of appellees in a suit for mandamus brought against them by appellants to compel the appellee Atkinson, county judge of Harris county, to call an election to determine whether the inhabitants of certain territory in Harris county described in the petition should incorporate said territory under a commission form of municipal government, and for the election of a mayor and two commissioners, as provided for by articles 1154–1159, Revised Statutes 1925. Appellee, the city of Houston, was made defendant because of its claim of jurisdiction over the territory described in the petition by the passage by the city council of an ordinance extending the corporate limits of the city so as to include said territory

The record discloses the following facts: A petition for an election for territory described in the petition and designated as Brooke Smith, then unincorporated, to determine upon incorporation under the commission form of government, and to elect a mayor and two commissioners as provided by articles 1154–1159 of the Revised Statutes of 1925, was filed with the county judge of Harris county on the 27th day of May, A. D. 1927.

The petition was in all things in accordance with the law, and met every legal requirement, and the county judge so found.

The county judge acted on said petition on the 10th day of June, 1927, and refused to call said election, giving as his reasons that the city council of the city of Houston had, on the 31st day of May, 1927, passed an ordinance extending the limits of the city of Houston to take in the territory described in the petition The order of the county judge on the petition is in part as follows:

"And, although I find said petition has the requisite number of signers, duly qualified voters residing within said territory, to require the calling of such election, it is a matter of public knowledge that subsequent to the filing of said petition with me and before I determined the sufficiency thereof, and on or about the 31st day of May, 1927, the city council of the city of Houston passed on its third reading an ordinance extending the territory described in the foregoing petition, and I do therefore decline

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

*Writ of error granted February 8, 1928.

and refuse to call the election prayed for in said petition."

The provision of the city charter of the city of Houston under which the city council passed such ordinance is as follows:

"Sec. 2b. *Extending Limits by Action of City Council.*—The city council shall have power by ordinance to fix the boundary limits of the said city of Houston and to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city with or without the consent of the territory and inhabitants annexed; that upon the introduction of such an ordinance in the council after it has been reported upon by the ordinance committee and has been amended as desired by the council for final passage, it shall be published in some daily newspaper published in the city of Houston one time and shall not thereafter be finally passed until at least 30 days has elapsed after said publication, and when said ordinance is finally passed the said territory so annexed shall be a part of the city of Houston, and the inhabitants thereof shall be entitled to all the rights and privileges of other citizens, and shall be bound by the acts, ordinances, resolutions and regulations of the said city."

No election was held in the city of Houston to determine whether the corporate limits of the city should be extended to include the "Brooke Smith" territory. The ordinance making such extension was duly passed in strict compliance with the provision of the city charter.

[1] The first point presented by appellants brief is the invalidity of the ordinance of the city of Houston annexing the Brooke Smith territory, on the ground that the provision of the city charter authorizing the city council by ordinance to extend the boundary limits of the city and annex additional adjacent territory is unconstitutional and invalid because in conflict with article 1265, Revised Statutes 1925, which requires that election be held by the qualified voters of the city to determine whether the city limits shall be extended and additional adjacent territory annexed.

We cannot agree with appellants that the act of the Thirty-Seventh Legislature, which is now embodied in article 1265, Revised Statutes of 1925, and which authorizes any city in this state having a population of over 100,000 and less than 150,000, as shown by the last preceding United States census, to extend its boundaries by a majority vote of the qualified voters of such city, so as to embrace adjacent territory not included in any town or city of more than 5,000 inhabitants, as shown by the last United States census, invalidates the provisions of the charter of the city of Houston which authorizes the boundaries of the city to be extended by ordinance of the city council without any election being held to determine the question of such extension.

The act of the Legislature, which appellants contend repealed the provisions of the charter of the city of Houston authorizing the annexation of adjacent territory by ordinance of the city council, contains the following provisions:

"Section 1. Any city having a population of one hundred thousand and under one hundred and fifty thousand, as shown by the last United States census, shall have the power and authority to amend its charter so as to extend its boundary limits by annexing additional territory adjacent and contiguous to such city where the territory so annexed does not include any incorporated city or town having more than five thousand inhabitants according to last United States census.

"Sec. 2. The Legislative or governing body of any city having a population of one hundred thousand and under one hundred and fifty thousand, may, upon its own motion, and shall upon the petition of at least ten per cent. of the qualified voters of said city as shown by the last preceding general election, submit such proposed amendment to a vote of the qualified voters of such city of one hundred thousand or more population, which election shall be held as provided by chapter 147 of the Acts of the Regular Session of the Thirty-Third Legislature." Acts 37th Leg. (1921) First called Sess. c. 49.

The city of Houston, as shown by the last United States census, had a population of 138,000.

Pretermitting the question of the validity of this act, we do not think there is such absolute and total conflict between the act and the city charter of the city of Houston as to require the holding that the passage of the act implies a repeal by the Legislature of the charter provisions before quoted.

[2, 3] The implied repeal of a law by a subsequent statute is never presumed by the courts unless the two laws are so contradictory and antagonistic to each other that both cannot stand, and, if the two statutes can by any reasonable construction be reconciled and a field for the operation of the older law remain, there is no implied repeal. Cole v. State, 106 Tex. 472, 170 S. W. 1036. The two laws, being in pari materia, are to be construed as one, and when so construed the provision authorizing the city council to hold an election to determine whether adjacent territory shall be annexed to the city does not destroy the previous provision that such extension might also be made by ordinance. It only provides an additional method by which the boundaries of the city can be extended. If the council deem it wise and for the best interest of the city to annex adjacent territory, such annexation may be made by ordinance passed in the manner prescribed by the charter, or the question of such annexation may be submitted by the council to the qualified voters of the city at an election called for that purpose, and such election must be held upon the petition of 10 per cent. of the qualified voters.

The Legislature knew when it passed the later statute that the charter of the city of Houston, which had been legally adopted by the city, was a valid law under the home rule amendment to our Constitution adopted in 1913, provided for the annexation of adjacent territory by ordinance, and, if it had intended to prohibit such method of extension, it would have expressly so stated, and not merely provided an additional method not necessarily exclusive of the method authorized by the charter.

We have duly considered all of the propositions presented in appellants' brief, and none of them can, in our opinion, be sustained.

[4] But, regardless of the soundness of our conclusions upon the questions presented by appellants, the judgment of the court below must be affirmed because the record shows that the incorporation of the Brooke Smith territory as a part of the city of Houston was an accomplished fact for some time before this suit was filed, and the validity of such incorporation, which was done in the exercise of a power conferred upon the city of Houston by the Constitution and laws of the state, cannot be collaterally attacked in this proceeding, but only in a direct proceeding brought for that purpose by the state.

The general rule that the valid existence of a de facto municipal corporation authorized to exist under the laws can only be questioned in quo warranto proceedings brought by the authority of the state has been recognized and enforced by many decisions of our Supreme Court and Courts of Civil Appeals. State v. Dunson, 71 Tex. 65, 9 S. W. 103; Cohen v. City of Houston (Tex. Civ. App.) 176 S. W. 809; Graham v. Greenville, 67 Tex. 62, 2 S. W. 742; Parker v. Harris County Drainage District (Tex. Civ. App.) 148 S. W. 351; El Paso v. Ruckman, 92 Tex. 86, 46 S. W. 25; City of Houston v. Little (Tex. Civ. App.) 244 S. W. 247; City of Houston v. Tod (Tex. Civ. App.) 258 S. W. 839.

The rule has no application in a case in which a de facto municipal corporation not authorized to exist under the laws, attempts to levy and collect taxes upon the property of a citizen. Such was the case of Parks v. West, 102 Tex. 11, 111 S. W. 726, in which our Supreme Court discussed and approved the rule but declined to apply it to the facts of that case, which was a suit by a property owner to enjoin the Mertens independent school district from issuing bonds which would become a lien upon his property. After holding that there was no law authorizing the creation of the school district and for that reason the bonds could not be lawfully issued, the court discusses and decides the question of whether the plaintiff could maintain his suit for injunction in view of the general rule that the validity of a de facto municipal corporation authorized by law to exist can only be attacked by quo warranto proceedings. The court says:

"There is no need for a close examination of the rule in this case. It may admit of serious question whether or not the Mertens independent school district had acted as a quasi corporation sufficiently to have acquired a de facto existence in the sense of the rule when this litigation began. But, be that as it may, the attack of the plaintiffs is not merely upon the corporate existence of the district, but is directed against the power of the defendants to lay burdens on their property and subject them to the payment of taxes. Surely they have the right to do that, although the reason they assign for the lack of power may also go to the right of the district to exist under the Constitution. Certainly a property holder has the right to say to the court that he is protected by the Constitution from the imposition of a tax by persons to whom the Constitution, in effect, denies such power. If the rule relied on by defendants should preclude plaintiffs from making the contention now, when and in what way could they make it? So far as we can see, the rule would equally apply to an effort to resist the collection of the tax by suit or otherwise. The consequence to which the contention leads is that, while the Constitution does not permit such a school district to exist and levy taxes, it may yet do both and force property owners to pay until the officers of the state see fit to intervene. Useful and convenient as is the doctrine invoked, we cannot give our assent to an application of it, which would deny to the plaintiffs the protection sought of their property rights."

In the case before us, the right of the city of Houston to extend its boundaries so as to include the Brooke Smith territory is expressly conferred by our statutes and authorized by our Constitution, the only question raised by appellants being as to the method by which the city so extended its limits. Neither is there any question here of the invasion of property rights of appellants, and their claim of right to maintain a suit for mandamus to require the county judge to order an election to have a majority of the qualified voters of the Brooke Smith territory determine whether that territory shall remain a part of the city of Houston finds no support in the opinion just cited, nor in any opinion of our Supreme Court to which we have been cited or of which we are aware.

We think the judgment of the trial court should be affirmed, and it has been so ordered.

Affirmed.