**HUNT et al. v. ATKINSON, County Judge, et. al. (No. 941—5050; Motion No. 8369.)***

Commission of Appeals of Texas. Section B. May 29, 1929.

For former opinion, see 12 S.W.(2d) 142.

Ward & Ward, of Houston, for plaintiffs in error.

Sewall Myer and J. H. Painter, both of Houston, for defendants in error.

SPEER, J. Since our decision of the case upon the original submission, and since the issuance of a writ of prohibition herein, the Legislature has passed the following curative statute:

"Section 1. That all ordinances and proceedings, and all actions, proceedings and contracts, taken or made in pursuance thereof, of any city having a population of one hundred thousand and under one hundred fifty thousand, as shown by the preceding Federal Census, which have been, heretofore, passed under and in accordance with Article 1175, Revised Statutes 1925, providing for the extension of the corporate limits of such city, are hereby ratified and confirmed, and such extensions and actions, proceedings and contracts, taken or made in pursuance thereof, shall be deemed and held valid in all respects and to the same extent as if done under Legislative authority, previously given.

"Section 2. The fact that the act of the 33rd Legislature authorizing cities of more than five thousand inhabitants to adopt and amend their own charters gave to said cities the power to fix the boundary limits of said city and to provide for the extension of said boundary limits and the annexation of additional territory lying adjacent to said city according to such rules as might be provided by the charter of said city, and the further fact that the 37th Legislature of the State of Texas at its First Called Session, Chapter 149, 1921, did enact a law providing for the amendment of the charters of certain cities of over one hundred thousand inhabitants and under one hundred fifty thousand inhabitants by extension of the boundary limits and annexation of additional territory lying adjacent to said city by a vote of the inhabitants of said city thereupon, and that certain cities have undertaken in good faith to amend their charters by the extension of the boundary limits of said city and the annexation of additional territory lying adjacent to said city by ordinance as provided for in the charters of said cities adopted in conformity with the provisions and requirements of Chapter 147, Acts of the Regular Session of the 33rd Legislature of the State of Texas, 1913, and that the acts, ordinances and bond issues of such cities may therefore be questioned, although made in good faith and in strict compliance with Chapter 147, Acts of the Regular Session of the 33rd Legislature of the State of Texas of 1913 and of the charter provisions of said city adopted thereunder, creates an emergency and an imperative public necessity that the rule requiring bills to be read on three several' days be suspended, and said rule is suspended and this act shall take effect and be in force from and after the date of its passage, and it is so enacted."

The bill was received in the de-

partment of state March 11, 1929, bearing the approval of the Governor and the necessary certificates as to the votes cast for it to make the law effective from and after that date. We see no reason why this curative act does not operate to make valid all the acts of the city of Houston which we have heretofore held to have been without authority of law. This most recent act is as specific as a general law can be and undoubtedly controls the question. The want of authority in the city of Houston to do the things it did, in the first place, arose out of article 1265—a legislative act—and such want of power is now fully cured, so that the entire proceeding for a mandamus to compel the ordering of an election for the incorporation of the territory of Brook Smith is now moot. The record before us in the light of the curative statute indisputably shows such territory is now a part of the city of Houston, and no election can be held such as that sought in the petition of plaintiff in error.

We recommend, therefore, that the cause be dismissed, but that the plaintiffs in error recover all costs of the court.

CURETON, C. J. The previous judgment of this court is set aside, and the suit dismissed, and costs awarded in favor of plaintiffs in error, all as recommended by the Commission of Appeals.