## JOE CASARES V. THE STATE.

No. 22022. Delivered June 26, 1942.
Rehearing Denied (Without Written Opinion) October 14, 1942.

466

The opinion states the case.

*H. B. Galbraith* and *O. B. Garcia,* both of Brownsville, for appellant.

*Spurgeon E. Bell,* State's Attorney, of Austin, for the State.

BEAUCHAMP, Judge.

The appeal is from a conviction in the County Court upon a complaint and information charging that appellant was engaged in an unlawful act in that he did, as a driver and operator of a motor vehicle upon a public highway, unlawfully drive upon the left hand side of the same when it was not clear and unobstructed for a distance of fifty yards and that while doing so he negligently and carelessly caused the death of M. C. Verser. It is alleged that he caused his car to collide with the one driven by Verser, who was on his proper right hand side of the highway.

We find no bills of exception in the record pertaining to any procedure whatsoever during the trial of the case. On the 22nd day of October appellant's attorneys presented his motion for a new trial and attended the hearing on the same, at which time the court overruled it and they gave notice of appeal to the Court of Criminal Appeals. In about three days thereafter they filed an amended motion for a new trial embracing certain questions which they then attempted to bring forward by two bills of exception. In the first place, these are not questions which may be brought forward from a motion for a new trial, but exceptions should have been taken at the time the evidence complained of was introduced or at the proper time in the trial of the case. In the second place, the amended motion was filed too late for consideration because the trial court had passed on the same and notice of appeal had been properly given. Consequently, the record is before us without bills of exception.

In appellant's brief considerable discussion is devoted to a paragraph of the court's charge, reading as follows:

"In this connection, since the collision in question occurred on what is generally designated as a 'three lane highway,' you are charged that on such three-lane highways it is the established custom and a regulation of the Highway Department of the State of Texas that the center lane of such a three-lane highway is to be used for passing only and that automobiles traveling on such a three-lane highway not engaged in passing another automobile proceeding in the same direction, are required to remain in their respective right hand lanes unless both the left hand and center lanes of said highway are clear and unobstructed for a distance of at least 50 yards.

In the state of the record it appears to us that the charge was improper, and, if we were in position to consider the same, would be subject to the objections lodged against it in the brief. It is argued that the giving of the charge is fundamental error and, therefore, may be raised for the first time by the brief in this court. To this position we are unable to agree.

Carpenter v. State, 153 S. W. 883, is cited by appellant and relied upon as authority for the contention that the foregoing charge was fundamentally erroneous. This authority will not assist in deciding that question. That fundamental error may be raised in this court for the first time is elementary. That the charge is fundamental error is another question. It improperly charges the law, but the Carpenter case is authority for the proposition that "where a charge is sought to be held erroneous, unless fundamentally so, the exception must be taken either by bill or motion for new trial and special charges asked to cover the supposed defects in the court's charge" in misdemeanor cases. It is further said that in the absence of one of these methods this court will not be justified in reversing the judgment.

To the same effect is the holding in Simpson v. State, 220 S. W. 777, also cited and relied upon by appellant. In addition, it was said in the Simpson case that it was not fundamental error for the trial court to submit the issue of aggravated assault without defining the offense or telling the jury its elements or what was necessary to constitute aggravated assault. Had the charge been objected to at the time and special charge requested submitting the law on the subject, and such objection properly brought to this court, we would be in position to comment on it. As it is, we do not consider the matter properly

before us and we find nothing sustaining the contention that it was fundamental error.

Again, the question is raised for the first time before this court as to the sufficiency of the complaint and information and it is contended that it was necessary to the allegation of an offense as defined by Sec. A, Art. 801 of the Penal Code to allege facts showing it was practicable to drive on the right hand side of the road.

In Morgan v. State, 120 S. W. (2d) 1063, this court held in a somewhat similar case that the trial court should have sustained appellant's motion to quash an indictment, it being shown that the motion was filed at the proper time. In so doing, the opinion discussed and relied upon Gutierrez v. State, 68 S. W. (2d) 198, where it was held that driving on the left hand side of the road is not per se a criminal act, because, under some circumstances it is permissible. So far as we have been able to discover, however, it is never permissible to drive on the left hand side of the road when there is an obstruction on the left hand side within fifty yards as prescribed by statute. The complaint and information in this case clearly state that the appellant "did then and there unlawfully travel upon the left hand side of said highway when the road on the left hand side of said highway was not clear and unobstructed for a distance of at least fifty yards ahead." To so travel is a violation of the article of the statute relied upon and, having alleged a violation of the law, a proper basis was laid for alleging the offense charged.

Finding no error in the record, the judgment of the trial court is affirmed.