## J. D. TAYLOR V. STATE.

No. 24979. November 15, 1950.

*Cahoon and Lusk,* and *King C. Haynie* (of counsel for appellant on appeal only) Houston, for appellant.

*George C. Blackburn,* State's Attorney, Austin, for the state.

GRAVES, Judge.

The conviction is for negligent homicide. The penalty assessed is a fine of $1,000.00 and confinement in the county jail for 90 days.

It was alleged in the second count of the complaint herein that on or about January 6, 1950, appellant, in said county and state, was engaged in the performance of an unlawful act, that is, he was then and there unlawfully driving and operating a motor vehicle, to-wit, a truck, upon and along a public road and highway, to-wit, U. S. Highway No. 290, in said county, on the left-hand side of said road and highway, when the left-hand side of said road and highway was not then and there clear and unobstructed for a distance of fifty yards ahead of the said truck then and there being driven and operated by him, the said J. D. Taylor, and the said J. D. Taylor did then and there in the performance of the unlawful act aforesaid

by negligence and carelessness cause the death of James Harold Bell and Edwin Crews Bell, by then and there driving his said truck upon his said left-hand side of the public road and highway and into and by then and there colliding with a vehicle then and there occupied by the said James Harold Bell and Edwin Crews Bell, whereby the said James Harold Bell and Edwin Crews Bell were each crushed, mangled and killed by said collision, there being then and there an apparent danger of causing the death of the said James Harold Bell and of the said Edwin Crews Bell by the said J. D. Taylor so driving his said truck upon his said left-hand side of said public road and highway and into and colliding with said vehicle so occupied by the said James Harold Bell and by the said Edwin Crews Bell, which danger would have been known to the said J. D. Taylor if he had used that degree of care and caution which a man of ordinary prudence would use under like circumstances, against the peace and dignity of the state.

It is evident from the above that appellant was charged with negligent homicide in the second degree, that is, that he was in the performance of an unlawful act, a misdemeanor, in that he was then and there violating Article 801, Vernon's Ann. P.C., which prescribes, among other things, as follows:

"On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left hand side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

Under this same article, we find it is provided that "any person while operating or driving any motor vehicle upon a public highway who shall violate any provision of this article shall be fined not exceeding one hundred dollars."

This trial was had before the court; and upon the conclusion of the evidence, the judge found appellant guilty under the second count above set forth and affixed a penalty of $1,000.00 fine and 90 days in jail, evidently under Article 1243, Vernon's P.C., which reads as follows:

"If the act intended is one for which an action would lie, but not an offense against the penal law, the homicide resulting therefrom is a misdemeanor, and may be punished by fine not exceeding one thousand dollars, and by imprisonment in jail not exceeding one year."

We think the county judge fell into error when he punished appellant under Article 1243, supra. In that article one must be guilty of an act for which an action would lie, but said act would not be an offense against the penal law. We have shown above that the matter alleged in the information, as well as shown by the proof, was the unlawful driving upon the appellant's left-hand side of the road when same was obstructed at a lesser distance than fifty yards, and therefore punishable as a misdemeanor. Appellant's guilt should have been determined and punished under Article 1242, Vernon's P.C., which reads as follows:

"When the unlawful act attempted or executed is known as a misdemeanor, the punishment of negligent homicide committed in the execution of such unlawful act shall be imprisonment in jail not exceeding three years, or by fine not exceeding three thousand dollars."

It seems that the better pleading would be to have tried appellant for causing the death of only one of the Bells at the time of the collision.

On account of the wrong penalty having been assessed against the appellant, this judgment will be reversed and the cause remanded.