ALEX S. MARTINEZ v. STATE

No. 27,963. April 4, 1956.

*Allison, Steele & Allison,* by *Tom Steele,* Levelland, for appellant.

*Leon Douglas,* State's Attorney, Austin for the state.

DAVIDSON, Judge.

This is a conviction for negligent homicide of the second degree; the punishment, a fine of $2,000.

The unlawful act relied upon to constitute negligent homicide is set forth in the information in the following language:

" . . . the said Alex S. Martinez was then and there unlawfully driving a motor vehicle, to-wit, a truck upon a public highway on the left-hand side of said public highway when not overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement; nor when the right-half of said roadway was closed to traffic while under construction or repair; nor when said roadway was divided into three marked lanes for traffic under the rules applicable thereon; nor when said roadway was designed and signposted for one-way traffic. . . ."

By those allegations the state charged, in effect, that it was unlawful to drive an automobile on the left-hand side of the highway at a time and under the conditions set forth.

It is apparent that the information was drawn under Sec. 52 of Art. 6701d, V. R. C. S., which reads as follows:

"Drive on right side of roadway; exceptions:

"Upon all roadways the driver of a vehicle shall drive upon the right half of the roadway, except as follows:

"1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

"2. When the right half of a roadway is closed to traffic while under construction or repair;

"3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

"4. Upon a roadway designated and signposted for one-way traffic."

That statute requires that motor vehicles be driven on the right half of the roadway in all cases and in all instances and under all conditions except those named in the statute.

Construing the information as alleging a violation of that statute in the driving of the automobile on the left side of the highway, except under certain conditions and circumstances, those conditions became and were a part of the offense alleged, without which no offense is alleged.

The state alleged that the left side driving occurred when (a) not overtaking and passing another vehicle, (b) when the right half of the said roadway was not closed to traffic and (c) when the roadway was not divided into three marked lanes.

There is no testimony showing or establishing the absence of such conditions. It is apparent, therefore, that the state failed to prove the unlawful act alleged and relied upon to constitute the offense of negligent homicide of the second degree while the appellant was engaged in the commission of a misdemeanor.

The evidence being insufficient to support the conviction, the judgment is reversed and the cause is remanded.