**Charles R. LANE, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 28859.

Court of Criminal Appeals of Texas.

April 17, 1957.

On Motion for Rehearing June 29, 1957.

Allie L. Peyton, Houston, for appellant.

Dan Walton, Dist. Atty., Thomas D. White, Asst. Dist. Atty., Houston, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Judge.

The offense is negligent homicide of the second degree; the punishment, 3 years in jail.

The complaint and information were in two counts, the first alleging that appellant was engaged in the unlawful act of driving an automobile on the left hand side of a public highway when said left hand side of said highway was not clear and unobstructed for a distance of fifty yards ahead.

The second count alleged that the automobile was being driven at an unlawful speed.

Both counts were submitted to the jury with instructions that if the jury found the defendant guilty they would state on which

count they found him guilty and that he could not be found guilty on both counts.

The verdict of the jury which was received and entered upon the minutes of the trial court, and upon which the judgment was rendered, reads as follows:

"We the jury find the defendant Charles R. Lane Guilty of Negligent Homicide in the Second Degree as charged of Driving and operating his automobile upon his left hand side of said road of said Public Highway and assess the Maximum Penalty of Three years in jail.

"Caton Rains—Foreman of Jury."

The verdict considered in connection with the court's charge is deemed sufficient as a verdict finding appellant guilty under the first count of the information, that being the only count wherein driving on the left side of the highway was alleged.

The sufficiency of the allegations of the second count need not be considered, the conviction being upon the first count.

Appellant and his passenger denied that appellant drove his car to the left of the center line of the highway, or that the collision occurred on his left hand side of the roadway. But there is an abundance of testimony supporting the State's theory that appellant was driving a new model two-tone red and white Oldsmobile, without license plates; that said Oldsmobile was being driven at a speed of some 80 miles per hour just prior to the collision; that a collision occurred between the Oldsmobile and a Chevrolet automobile traveling in the opposite direction on the highway, the point of impact being on appellant's left side of the center line of the roadway, which was in the Chevrolet's proper lane; that the collision was head-on and the Chevrolet was knocked some 98 feet from the point of impact in the opposite direction from which it was traveling and three of its four occupants were killed.

There is no evidence to show that appellant had overtaken and passed, or was over-taking and passing another vehicle proceeding in the same direction at the time of the collision.

The jury resolved the fact issues against appellant and the evidence sustains the jury's finding that appellant was driving on his left hand side of the highway and that his negligence in doing so resulted in the collision and the death of the three persons named in the information.

The information is attacked upon the theory that Art. 801(A), Vernon's Ann.P.C. was repealed by Art. 6701d, Sec. 52, Vernon's Ann.Civ.St. In the alternative, it is contended that if not repealed, it is no longer an offense per se to drive an automobile on the left hand side of a highway when said left hand side is not clear and unobstructed for a distance of 50 yards ahead, it being essential that it be alleged and proved that none of the exceptions mentioned in Sec. 52 of Art. 6701d existed which permit driving on the left hand side of the highway.

Art. 6701d, Sec. 52, V.A.C.S., reads as follows:

"Upon all roadways the driver of a vehicle shall drive upon the right half of the roadway, except as follows:

"1. When overtaking and passing another vehicle proceeding in the same direction under the rules governing such movement;

"2. When the right half of a roadway is closed to traffic while under construction or repair;

"3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

"4. Upon a roadway designated and signposted for one-way traffic."

In Garrett v. State, 161 Tex.Cr.R. 556, 279 S.W.2d 366, a conviction under a complaint and information alleging the unlawful act of driving on the left hand side of the highway when the same was not clear

and unobstructed for a distance of at least 50 yards was affirmed, and the contention that Art. 801(A), P.C., was repealed by the subsequent passage of Art. 6701d, V.A.C.S., was overruled. See also Pettigrew v. State, Tex.Cr.App., 289 S.W.2d 935; Landry v. State, 156 Tex.Cr.R. 350, 242 S.W.2d 381; and Taylor v. State, 155 Tex.Cr.R. 253, 233 S.W.2d 853.

Appellant calls attention to the fact that the provisions of Sec. 52 were not mentioned in the opinion in the Garrett case, and it was not there contended that Sec. 52 was in irreconcilable conflict with Art. 801 (A), P.C.

Sec. 52 permits driving on the left side under certain conditions, but we think cannot be construed as making it lawful to drive on the left hand side when that side is obstructed and not clear.

Sec. 57 of Art. 6701d, V.A.C.S., provides "Further limitations on driving to left of center of roadway", the first of which, the no passing zone, was referred to in the Garrett case.

The remaining limitations in Sec. 57 on driving to the left of the center of the roadway are not necessarily related to overtaking or passing but prohibit driving to the left side of the roadway:

"2. When approaching within one hundred (100) feet of or traversing any intersection or railroad grade crossing;

"3. When approaching within one hundred (100) feet of any bridge, viaduct, or tunnel."

The same is true of the limitation found in Art. 801(A), P.C., which prohibits driving on the left hand side of the roadway when same is not clear and unobstructed for a distance of 50 yards.

Prior to the enactment of Art. 6701d, V.A.C.S., this Court, in construing Article 801(A), P.C., held that it was not necessary to allege facts showing that it was practicable to drive on the right side of the road for "it is never permissible to drive on the left hand side of the road when there is an obstruction on the left hand side within fifty yards * * *." Casares v. State, 144 Tex.Cr.R. 465, 164 S.W.2d 700, 701.

For like reason, it is not necessary for the State to allege and prove that the exceptions mentioned in Sec. 52 of Art. 6701d, V.A.C.S., did or did not exist.

We remain convinced that the enactment of Art. 6701d, V.A.C.S., did not repeal that portion of Art. 801(A), P.C., which makes it unlawful to drive on the left hand side of the highway when the same is not clear and unobstructed for at least 50 yards ahead.

The judgment is affirmed.

### On Motion for Rehearing

MORRISON, Presiding Judge.

On rehearing, our attention is directed to the seemingly irreconcilable conflict between our holdings in Garrett v. State, 161 Tex.Cr.R. 556, 279 S.W.2d 366, and Martinez v. State, Tex.Cr.App., 288 S.W.2d 787, 788.

In the Garrett case, we held that Article 801(A), Vernon's Ann.P.C., was not repealed by the enactment of Sections 54(a), 56, and 57 of Article 6701d, Vernon's Ann. Civ.St. and that 801(A), supra, continued to denounce the offense of driving on the left hand side of the highway when the same was not clear and unobstructed for 50 yards ahead.

In the Martinez case, we set forth the charging part of the information drawn under Section 52 of Article 6701d and said, "That statute requires that motor vehicles be driven on the right half of the roadway *in all cases and in all instances and under all conditions* except those named in the statute."

If, then, it is unlawful to drive on the left hand side of the roadway except when the statute says that such may be done, such statute covers completely the law on the subject of left hand driving, and we should

re-examine our thinking on the question of the repeal of Article 801(A), supra, by the passage of Article 6701d, supra.

The crux of our decision in the Garrett case was that a holding that Article 801(A) had been repealed would make it lawful to drive on the left hand side of the roadway except when driving in a no passing zone and in those cases covered by the provisions of Sections 54(a) or 56. In reaching such a decision, we necessarily overlooked Section 52 because in Martinez we stated that it was never lawful to drive on the left hand side except in those cases authorized by Article 6701d.

■ In our original opinion herein, we said, "Sec. 52 permits driving on the left side under certain conditions, but we think cannot be construed as making it lawful to drive on the left hand side when that side is obstructed and not clear." What we should have said was that it is never lawful to drive on the left hand side except when permitted by Article 6701d.

With these observations, we return to the question of repeal of Article 801(A). The majority has now concluded that in deciding the Garrett case we passed over too lightly the reasoning of our esteemed and late lamented Associate Justice Smedley in Dallas Railway & Terminal Co. v. Black, 152 Tex. 343, 257 S.W.2d 416, 420, wherein he said, in part, "The Act of 1947, entitled 'Uniform Act Regulating Traffic on Highways', is a comprehensive statute which * * * repeals all laws or parts of laws inconsistent or conflicting with the provisions of the Act." Certainly, Article 801 (A) is inconsistent with Article 6701d because *the latter legislates on the entire field stated in its title, includes the offense covered by the former statute and provides a different penalty therefor.*

Stated in another way, it is unlawful under Article 6701d to drive on the left hand side of the roadway when the same is not clear and unobstructed for 50 yards ahead because such driving is not named as a permissible exception to the general mandate of Section 52 that driving be done upon the right hand side at all times, and the form of information set forth in Martinez would be a proper way upon further prosecution growing out of this offense to allege such a violation or, as my brother Davidson points out, the instant offense might be charged under Section 53.

■ So, then, when the Legislature enacted a comprehensive Uniform Act with a general repealing clause which makes unlawful the doing of the same act which had been denounced by a prior statute and increases the punishment therefor, it logically follows that the newer act superseded and therefore repeals the older act. In Robertson v. State, 70 Tex.Cr.R. 307, 159 S.W. 713, 722, this Court said, "We recognize the rule that repeals by implication are not favored; yet there is another rule which is elementary and equally as well established, and that is: When a new law covers the whole subject matter of an old one, and prescribes a different penalty than provided in the old, that the former is repealed by implication. * * * It is needless to cite the many cases of all the courts and all the textbooks in support of this proposition."

■ Having concluded that we were in error in our original disposition of this appeal as well as in our decision in Garrett v. State, supra, the motion for rehearing is granted, the judgment of affirmance is set aside, the Garrett case is overruled, and the judgment is now reversed on the grounds that the information upon which this conviction was secured was based upon a statute which had been repealed and therefore the information did not charge a violation of an existing law, and the prosecution is ordered dismissed.

DAVIDSON, Judge (concurring).

Upon the original disposition of this case I filed a dissenting opinion in which I expressed the view, now entertained by a majority of this court, that Sec. (A) of Art.

801, P.C., Vernon's Ann.P.C. art. 801(A), under which this prosecution was brought and maintained, was not a valid law but had been repealed and superseded by Art. 6701d, Vernon's R.C.S.

My dissenting opinion is now withdrawn and, in lieu thereof, I file this concurring opinion setting forth reasons why I think the majority opinion is correct.

It takes no legal reasoning to demonstrate that, if at the time the offense here charged was committed, Sec. (A) of Art. 801, P.C., no longer existed but had been repealed, superseded, and nullified, no offense was denounced thereby and the allegations of the indictment charging a violation of that statute did not charge an offense against any law of this state.

The question, then is this: Was Sec. (A) of Art. 801, P.C., a valid existing statute of this state on December 27, 1955, the date on which the offense for which the appellant stands convicted was alleged to have been committed?

Sec. (A) of Art. 801, P.C., was passed by the legislature of this state in 1917.

That section will hereafter in this opinion be referred to merely as Sec. (A).

Some thirty years after its passage, the legislature, in 1947, passed what was denominated the "Uniform Act Regulating Traffic on Highways," appearing as Art. 6701d, Vernon's R.C.S.

That statute will hereafter in this opinion be referred to as Art. 6701d.

Sec. (A) and Art. 6701d each deal with and make unlawful the driving of vehicles upon the left side of the highway. The penalty authorized to be assessed for a violation of Sec. (A) is a fine of not exceeding one hundred dollars. The punishment for a violation of Art. 6701d is authorized to be assessed at not less than one dollar and not more than two hundred dollars, which is double that authorized to be assessed for a violation of Sec. (A).

Has Art. 6701d repealed, superseded, and nullified Sec. (A)?

Certain legal propositions stand out in a determination of that question:

The rule is well established, in law as well as by common sense, that there cannot exist two statutes which make unlawful the same act, each assessing a different penalty for a violation thereof.

The latest expression from this court attesting that rule will be found in Ex parte Sanford, Tex.Cr.App., 289 S.W.2d 776. In that case there were two statutes involved: one passed in 1919, Vernon's Ann.P.C. art. 265 and the other in 1951, V.A.T.S. Election Code, art. 1404, each having for its purpose the limiting of campaign expenditures and each denouncing the same unlawful act—which is the expenditure in aid of the candidate by any person other than the candidate or his campaign manager an amount in excess of twenty-five dollars. The penalty provided in the one statute for that unlawful act was different from that provided in the other. The statute of 1951, the junior statute in point of time of passage, did not repeal the prior statute; each statute was therefore in force and effect, and each directly conflicted with the other. It was held that under such circumstances both statutes were invalid.

The application of that rule, here, is that inasmuch as Sec. (A) and Art. 6701d both relate to and denounce as a crime the driving of a vehicle on the left-hand side of the highway and authorize the infliction of different penalties for a violation thereof, each cannot exist as a valid statute. One must stand, and the other fall. If both statutes stand, then we have no statute in this state making it unlawful to drive a vehicle upon the left side of the highway.

Another rule of law which is deemed here applicable is that which provides that where two statutes cover the same subject matter, the one general and the other special, the special statute will control not upon any theory of implied repeal but

upon the broad rule that all parts of the acts or statutes must stand, if possible, and that the intention of the legislature is more clearly reflected by the special statute than by the general one. Both are permitted to stand, each having application in its proper place, the special statute being treated as though it were a proviso excepting something from the general one. Fortinberry v. State, Tex.Com.App., 283 S.W. 146; Hunt v. Atkinson, Tex.Civ.App., 300 S.W. 656; Id., Tex.Com.App., 12 S.W.2d 142, and Id., Tex.Com.App., 17 S.W.2d 780; City of Marshall v. State Bank of Marshall, 60 Tex.Civ.App. 508, 127 S.W. 1083; Ex parte Townsend, 64 Tex.Cr.R. 350, 144 S.W. 628.

That rule was cited, also, in the recent case of Sheffield v. State, Tex.Cr.App., 307 S.W.2d 100. In that case, two statutes covered the same unlawful act: one, covering a general and the other a special state of facts. The special statute was junior in point of time of passage. It was held that the special statute controlled and that a prosecution could be brought thereunder.

The instant case is an exact counterpart of the Sheffield case, for Sec. (A) is the general statute, while Art. 6701d is the special statute. If the Sheffield case is right, then Sec. (A) must yield to Art. 6701d.

Yet another rule of law is that the express repealing clause of Art. 6701d operated to directly repeal Sec. (A).

Now to demonstrate the applicability, here, of the rules of law stated:

Sec. (A) contains two directives: The first requires that the driver of a vehicle shall wherever practicable travel upon the right side of the highway; the other requires that "On all occasions the driver or operator of any vehicle upon any public highway shall travel upon the right hand side of such highway unless the road on the left side of such highway is clear and unobstructed for a distance of at least fifty yards ahead."

The act here charged against appellant as being unlawful and that upon which this conviction rests is in violation of that part of Sec. (A) above quoted. This is demonstrated by the allegation in the state's pleading that appellant did drive an automobile upon a public highway "on the left side of said road of said public highway, when the said left side of said road of said public highway was not then and there clear and unobstructed for a distance of fifty yards ahead of the said automobile then and there being driven and operated by him, the said defendant."

It is apparent, therefore, that Sec. (A) is a general statute and one which makes unlawful the driving on the left side of the highway at all times and under all conditions when the highway is not clear and unobstructed for at least fifty yards.

The validity of Sec. (A) was by this court attested in Garrett v. State, 161 Tex. Cr.R. 556, 279 S.W.2d 366, as against the contention that Art. 6701d repealed Sec. (A). The validity of Sec. (A) was not there attested as against the rules of law heretofore stated—which are that the two statutes covered the same unlawful act, with different penalties affixed for a violation of the same act, or that Art. 6701d was a special statute covering a special state of facts and Sec. (A) was only a general statute. The Garrett case made no mention of such matters and cannot therefore be considered as having determined the same.

It appears, therefore, that Sec. (A) must be construed as a general statute as distinguished from a special statute touching driving on the left side of the highway.

Now let us analyze Art. 6701d: That article is, upon its face, a comprehensive treatment of the regulation of traffic on the highways of this state. Art. VI thereof, which is composed of some thirteen different sections, numbered 52 to 64, has

direct reference to driving on the left side of the highway.

Sec. 52 reads as follows:

"Drive on right side of roadway; exceptions"

"Upon all roadways the driver of a vehicle shall drive upon the right half of the roadway, except as follows:

"1. When overtaking and passing another vehicle proceeding in the same direction, under the rules governing such movement;

"2. When the right half of a roadway is closed to traffic while under construction or repair;

"3. Upon a roadway divided into three (3) marked lanes for traffic under the rules applicable thereon; or

"4. Upon a roadway designated and signposted for one-way traffic."

The similarity between that section and Sec. (A) is apparent, for both require driving on the right side of the highway except under certain conditions.

Sec. 52 was before this court in Martinez v. State, Tex.Cr.App., 288 S.W.2d 787, and was upheld as a valid statute prohibiting left-side driving on the highway. The Martinez case was subsequent to the Garrett case, supra.

Sec. 53 reads as follows:

"Passing vehicles proceeding in opposite directions"

"Drivers of vehicles proceeding in opposite directions shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least one-half (½) of the main-traveled portion of the roadway as nearly as possible."

The practical and working effect of that statute, as applicable here, is that where two vehicles are approaching each other in opposite directions each must remain upon its right side of the highway and pass the oncoming vehicle to the right. So then when the operator of one of those vehicles crosses into the left side of the highway and into the path of the oncoming vehicle proceeding on its right side of the highway, Sec. 53 has been violated.

It will be noted that this section makes no reference to passing or overtaking other vehicles proceeding in the same direction on the highway. It simply, in plain and direct language, says that vehicles approaching each other from opposite directions must remain on their right side of the highway.

That is exactly what the facts, here, show, i.e., that appellant drove his automobile from his right side across and into the left side of the highway in front of the oncoming automobile in which the deceased persons were riding, as a result of which the collision occurred.

There is no escape, then, from the conclusion that in Sec. 53 we have a special statute covering and having direct application to the facts of the instant case.

If the rule announced in the Sheffield case is the law, then there is no escape from the conclusion that Sec. 53 is a special statute upon the subject of left-side driving on the highway, with specific application to the instant facts, and that it therefore controls over Sec. (A).

The instant prosecution could have been properly brought under Sec. 53, but this the state elected not to do.

The legislature, in Art. 6701d, did not stop with Sec. 53 to make unlawful the driving on the left side of the highway; other sections were passed: Secs. 54 and 56 deal with and have direct and special reference to the operation of vehicles overtaking and passing other vehicles proceeding in the same direction. As is there pointed out, such operation is authorized only under certain conditions, and when not so operated the law is violated. Sec. 57 expressly pro-

hibits left-side driving under certain conditions which are not in any manner associated with vehicles approaching in opposite directions or in overtaking a vehicle proceeding in the same direction.

So then if the facts show that a violation of the law occurred by the driving to the left and in front of an oncoming car, the legislature has provided a special and specific statute making that act unlawful (Sec. 53). If the violation occurred while passing another vehicle proceeding in the same direction, the legislature has provided special and specific statutes making that act unlawful (Secs. 54 and 56).

To make sure that left-side driving was unlawful, the legislature expressly so provided by Sec. 57—and this, without reference to meeting, passing, or overtaking other vehicles.

Surely it cannot be said that the legislature has not treated, by special legislation, the subject of left-side driving. To the contrary, it has set forth certain fact situations which are expressly covered by statute.

Sec. 156 of Art. 6701d is the repealing clause and provides that "All laws or parts of laws inconsistent or conflicting with the provisions of this Act are hereby repealed * * *."

Now let us examine Art. 6701d and Sec. (A) for conflicts and inconsistencies:

If Sec. (A) be a valid statute which makes unlawful the driving on the left side of the highway when the left side is not clear and unobstructed for a distance of fifty yards, then it is not unlawful, under Sec. (A), to drive on the left side of the highway so long as the left side is clear and unobstructed for at least one hundred fifty feet.

Now what does Sec. 56 say upon this subject: By that section it is made unlawful for a vehicle to be driven on the left side of the highway within one hundred feet of a vehicle approaching from the opposite direction. Sec. (A) and Sec. 56 both make unlawful the same act, but Sec. 56 makes unlawful the driving of a vehicle on the left side of the highway within one hundred twenty-five feet of an approaching vehicle, while such act is not made unlawful under Sec. (A). So then, Sec. 56 prohibits that which Sec. (A) authorizes by not making the act unlawful.

Sec. 57 makes it unlawful to drive an automobile upon the left side of the highway at any time under certain conditions therein set forth. Sec. (A) authorizes, because it does not prohibit, the doing of the things which Sec. 57 expressly makes unlawful.

Thus is it demonstrated that there are conflicts and inconsistencies as well as compatibilities and consistencies between the two statutes touching left-side driving. Both of those statutes cannot stand; one must fall. It is apparent, therefore, that Sec. (A) has been superseded, repealed, and nullified by Art. 6701d.

If the repealing clause of Art. 6701d is to be given effect, then Sec. (A) has been directly repealed. If the two statutes, Sec. (A) and Art. 6701d, are valid, then neither can stand because of the variance of the punishment. If Sec. (A) is a valid statute covering the general subject of left-side driving, it must yield to the junior statute, Art. 6701d, which has special application to and controls over the particular fact situation here presented.

For any or all of those reasons, Art. 6701d is the applicable statute covering this prosecution.

On Appellant's Motion for Rehearing

WOODLEY, Judge (dissenting).

My views are those expressed in the majority opinion herein on original submission and in Garrett v. State, 161 Tex.Cr.R. 556, 279 S.W.2d 366, an opinion we unanimously approved on May 25, 1955.

The construction which we gave to the legislative intent in enacting Art. 6701d,

Vernon's Ann.Civ.St., was and has been to the present time that it did not repeal Art. 801(A) P.C., Vernon's Ann.P.C., Art. 801 (A).

The legislature has met and adjourned since we handed down the opinion in the Garrett case, and informations, including the one before us, have been drawn under Art. 801(A), V.A.P.C., upon faith in our holding in the Garrett case.

I adhere to the statement in the majority opinion on original submission which is in fact a quotation from Casares v. State, 144 Tex.Cr.R. 465, 164 S.W.2d 700, 701, and is the controlling point of law: "It is never permissible to drive on the left hand side of the road when there is an obstruction on the left hand side within 50 yards."

If we were in error in construing Art. 6701d, V.A.C.S., as not repealing Art. 801 (A), V.A.P.C., the legislature could have and may yet set us straight.

If there be *any* provision of Art. 801(A), V.A.P.C., or Art. 6701d, V.A.C.S., which makes it an offense to drive on the left hand side of the highway, appellant was engaged in violating it when by reason of his negligence three lives were lost.

The majority do not say appellant was not violating the law, but hold in effect that the information should have alleged that the right hand side of the highway was not closed for construction or repairs, or should have alleged that appellant was engaged in the unlawful act now defined in Sec. 53 of Art. 6701d, V.A.C.S., which supersedes Art. 801*(B)* V.A.P.C. (not 801 *(A)*).

I do not envy the prosecutor who attempts to draw an information charging that the accused was engaged in the violation of Sec. 53 of said Article, which reads:

"Drivers of vehicles proceeding in opposite direction shall pass each other to the right, and upon roadways having width for not more than one line of traffic in each direction each driver shall give to the other at least

·one-half (½) of the main-traveled portion of the roadway as nearly as ·possible."

I express no opinion upon the question of whether Sec. 53 of Art. 6701d, V.A.C.S., sufficiently defines and makes it an offense for a driver to *fail* to yield "at least one-half (½) of the main traveled portion of the roadway *as nearly as possible*" to a vehicle traveling in the opposite direction. But just how a driver of an automobile could be said to be engaged in the performance of the omission which is made an unlawful act, and thus make his negligent killing of another negligent homicide of the second degree, I cannot see.

It appears to me that the majority, in their reasoning, confused the negligence which causes death and which may be an act committed or a failure to act, and which may be lawful or unlawful, with the act in the performance of which the negligence occurs. It is the latter which determines the degree of negligent homicide, and which is the allegation here in question.