356 P.2d 412

Marvin L. BURTON, on behalf of himself and all others similarly situated, Appellant,

v.

Lambert KAUTENBURGER, Thomas S. Jay and Dennis Weaver, members of and constituting the Board of Supervisors of Pima County, Arizona, Appellees.

Willard J. SMITH, on behalf of himself and all others similarly situated, Appellant,

v.

Lambert KAUTENBURGER, Thomas S. Jay and Dennis Weaver, members of and constituting the Board of Supervisors of Pima County, Arizona, Appellees.

Nos. 6984, 6985.

Supreme Court of Arizona.

Nov. 2, 1960.

Wolfe, Greer & Kenz, Tucson, for appellants.

Harry Ackerman, County Atty., and Marvin S. Cohen, Chief Civil Deputy County Atty., Tucson, for appellees.

**320**

LESHER, Justice.

These consolidated appeals have been taken from orders entered in the trial court denying writs of certiorari to the appellee Board of Supervisors, and dismissing the appellants' substantially identical petitions for such writs. They are companion appeals to those considered this same day in Burton v. City of Tucson, 88 Ariz. 320, 356 P.2d 413, and their factual background is set out in that opinion. When the appellee Board of Supervisors denied appellants' petitions seeking incorporation elections, the City of Tucson acted immediately to annex by ordinance the areas in question. Appellants thereafter filed in the superior court their petitions for writs of certiorari to review the Board's actions. The writs were denied, the petitions dismissed.

The legal questions raised by these appeals are identical in substance, if not in form, to those presented by the companion cases and considered in Burton v. City of Tucson, supra. They will not be restated here. The trial court ruled that the actions before it were collateral attacks upon a completed annexation ordinance of the City of Tucson, and that appellants were therefore without status to maintain them. Burton v. City of Tucson, supra. We agree. Hunt v. Atkinson, Tex.Civ. App., 300 S.W. 656; Tex.Com.App., 12 S. W.2d 142. The annexation by the City, although foreclosing judicial review in these actions of the Board's determinations, did not deprive appellants of any constitutionally protected vested rights. Burton v. City of Tucson, supra.

The trial court correctly dismissed the petitions for writs of certiorari.

Judgments affirmed.

STRUCKMEYER, C. J., and PHELPS, BERNSTEIN and UDALL, JJ., concur.