**Willie Lee FRANKLIN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 37180.**

Court of Criminal Appeals of Texas.

Nov. 18, 1964.

No attorney of record on appeal for appellant.

Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The conviction is for negligent homicide in the second degree; the punishment, a fine of $3000.

We have not been favored with a brief in appellant's behalf.

The unlawful act relied upon by the state was the violation of Art. 6701d, Sec. 52, Vernon's Ann.Civ.St., which requires motor vehicles to be driven on the right half of the road except under those circumstances enumerated in the statute.

The information appears to comply with this Court's holding in Martinez v. State, 163 Tex.Cr.R. 8, 288 S.W.2d 787.

The somewhat voluminous record reveals that appellant was driving a tractor truck with a butane trailer on a highway west of Victoria. It had been raining. On a curve the truck sideswiped a pickup truck traveling on its side of the highway in the opposite direction, and thereafter collided head-on with an Oldsmobile auto also traveling in the opposite direction. The Oldsmobile was propelled backwards some 222 feet and its four women passengers died as a result of the collision.

Testimony of state witnesses shows that appellant lost control of his vehicle while traveling approximately 60 miles per hour in a 45 mile zone and that the truck skidded to the left half of the highway, collided momentarily with a Central Power & Light Company service truck, and then met the second automobile head-on.

Appellant, as a witness in his own behalf, testified that he maintained control of his vehicle at all times prior to the collision with the service truck, and that his vehicle then "jackknifed" and collided with the Oldsmobile occupied by the four ladies who were killed. Appellant denied that he was speeding at the time of the collision with the service truck.

The jury chose to believe the state's witnesses.

That appellant may not have been in control of his vehicle at the time would be no defense to the unlawful act of driving on the left side of the highway. Patterson v. State, 163 Tex.Cr.R. 482, 293 S.W.2d 656; Kirkland v. State, 162 Tex. Cr.R. 424, 285 S.W.2d 743.

The judgment is affirmed.