

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

February 15, 1973

Honorable Joe Max Shelton
Grayson County Attorney
104 S. Crockett
Sherman, Texas   75090

Opinion No. H-11

Re: Under present law, can the
Grayson County Commiss-
ioners Court legally amend
the 1973 County Budget and
allow a blanket increase in
salaries of county employees,
effective January 1, 1973?

Dear Mr. Shelton:

Mr. W. O. Williams, County Auditor of Grayson County, has asked you to secure our written opinion to the following question:

> "Under the present law, can the Grayson
> County Commissioners Court legally amend the
> 1973 County Budget and allow a blanket increase
> in salaries of county employees, effective
> January 1, 1973?"

Mr. Williams advises that the 1973 budget was filed July 31, 1972, and adopted by the Commissioners Court on August 17, 1972, at which time the Commissioners Court could not foresee enough revenue to include an employee salary increase. Since that time Grayson County has been the recipient of funds under the Federal Revenue Sharing Law and there are funds available for salary raises.

Mr. Williams was concerned about the apparent conflict between Article 3912k, Section 2(a), Vernon's Texas Civil Statutes, and Article 689a-11, Vernon's Texas Civil Statutes.

Article 689a-11, V.T.C.S., provides that the commissioners court shall hold a budget hearing subsequent to August 15 and prior to setting the tax levy in September. It also provides that:

> ". . . emergency expenditures, in case of
> grave public necessity, to meet unusual and unfore-
> seen conditions which would not, by reasonably
> diligent thought and attention, have been included
> in the original budget, may from time to time be
> authorized by the Court as amendments to the
> original budget. . . ."

Article 689a-20 provides, in part:

> "Nothing contained in this Act shall be con-
> strued as precluding the Legislature for making
> changes in the budget for state purposes or pre-
> vent the County Commissioners' Court from making
> changes in the budget for county purposes . . ."

The reported cases have little to say about Article 689a-20. Article 689a-11 has been before the courts for interpretation. Generally, they have held that its provisions must be met and that the circumstances must show "unusual and unforeseen conditions", "grave public necessity", etc. Bexar County v. Hatley, 136 Tex. 354, 150 S.W. 2d 980 (1940); Guerra v. McClellan, 243 S.W. 2d 715 (Tex. Civ. App. San Antonio, 1951, no writ history).

In most situations amendments to a county budget will have to meet the requirements of Article 689a-11, V.T.C.S. Whether circumstances exist which will warrant an amendment to the budget will be a question of fact in each case.

However, as to salaries of county officers and employees, the rule has been impliedly amended by the enactment, in 1971, of Article 3912k, which provides, in part:

> "Section 1. Except as otherwise provided by
> this Act and subject to the limitations of this Act
> the commissioners court of each county shall fix
> the amount of compensation, office expense, travel
> expense, and all other allowances for county and

> precinct officials and employees who are paid
> wholly from county funds, but in no event shall
> such salaries be set lower than they exist at
> the effective date of this Act."

> "Section 2(a), The salaries, expenses, and
> other allowances of elected county and precinct
> officers shall be set each year during the regular
> budget hearing and adoption proceedings on giving
> notice as provided by this Act. . ."

This statute has not been the subject of construction by the courts. However, it is a well recognized rule of statutory construction that the granting of an expressed power by the Legislature gives with it, by necessary implication, every other power necessary and proper to the execution of the power expressly granted. Terrell v. Sparks, 104 Tex. 191, 135 S.W. 519 (1911); Moon v. Allred, 277 S.W. 787 (Tex. Civ. App. 1925, error dism.). Following these authorities it has been the consistent interpretation of this office that, where the Legislature has authorized county commissioners to fix or raise salaries for county officials and employees, the commissioners court has the implied power to amend the county budget for the purpose of authorizing the payment of such salaries. Attorney General Opinions V-857(1949); C-505(1965); and M-436(1969).

Section 1 of Article 3912k gives to the commissioners court authority to fix all county salaries, for elected officials and employees alike, provided they are paid wholly from county funds. Section 2, which applies only to elected county and precinct officers, requires that their salaries be set during the regular budget hearing. The absence of any such restriction regarding the fixing of non-elected employees' salaries indicates that salaries of employees other than elected county and precinct officers may be fixed at times other than during the regular budget hearing. To the extent that this is inconsistent with Article 689a-11, Article 3912k furnishes an implied exception thereto. Lane v. State, 305 S.W. 2d 595 (Tex. Crim., 1957); City of Marshall v. State Bank, 127 S.W. 1083 (Tex. Civ. App., 1910, error ref. n.r.e.); 53 Tex. Jur. 2d 162, Statutes § 111.

We therefore answer the first part of your question that the Grayson County Commissioners Court may amend the county's 1973 budget and allow an increase in the salaries of county employees other than elected county or precinct officers.  As to elected county and precinct officers, any increases in their salaries must await budget hearings for the next fiscal year.

Your letter to us, dated January 1, 1973, asked if the raises could be given effective as of that date.  It is our opinion that any salary increases authorized by the commissioners court must operate prospectively and not retroactively.  Article 3, Section 53, Constitution of Texas; Pierson v. Galveston County, 131 S.W.2d 27 (Tex. Civ. App., Austin, 1939, no writ history); Fausett v. King, 470 S.W.2d 770 (Tex. Civ. App., El Paso, 1971, no writ history).

- S U M M A R Y -

Pursuant to the provisions of Article 3912k the Grayson County Commissioners Court may amend its 1973 Budget to allow an increase in the salaries of non-elected employees, such increase to be effective at the time of its adoption or thereafter but not retroactively.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

JOHN M. BARRON
First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee