

# The Attorney General of Texas

December 4, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Joe Resweber
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas 77002

Opinion No. MW-285

Re: Application of rabies control statutes

Dear Mr. Resweber:

Harris County adopted rabies control regulations pursuant to article 2372m, V.T.C.S., which authorizes (but does not require) the commissioners court of any county to do so. Subsequently, in 1979, the legislature enacted article 4477-6a, V.T.C.S., a statewide rabies control measure administered by the Texas Board of Health that did not expressly repeal article 2372m. You ask if Harris County is subject to the 1979 statute and if the county is required thereunder to hold animals for an additional 15 days following the final day of a rabies quarantine.

The recent legislation, among other things, places mandatory rabies control responsibilities upon cities, towns, and counties, and requires that cats, as well as dogs, be vaccinated. Although the two statutes have several similar provisions, there are significant differences. For example, the criminal penalty for failing to vaccinate a dog is different.

Under the 1979 statute, a knowing failure of a dog owner to vaccinate a dog at the proper time is a Class C misdemeanor offense for which a $200 fine is the maximum penalty. See V.T.C.S. art. 4477-6a, §8; Penal Code §12.23. Under article 2372m, the offense is a misdemeanor for which penalties are graduated. The maximum penalty for a first offense is a $50 fine; for the second, a $100 fine; and for each subsequent offense, 60 days in jail and/or a $200 fine. V.T.C.S. art. 2372m, §3.

The penalties imposed by article 4477-6a apply only to persons who violate its requirements that dogs and cats be vaccinated, certificated and registered as required by the Texas Board of Health, and to persons who bring into the state animals listed by the board as constituting a danger to the public health because of the high probability that they carry rabies. V.T.C.S. art. 4477-6a, §8. Although section 2 of the act gives the Texas Board of Health other rule-making powers, article 4477-6a does not attach a penalty to violations of the board's other rules. Conversely, article 2372m subjects dog owners to its penalties for violating any provision of any order of the commissioners court promulgated pursuant to the act or any provision

of any regulation established by the court, and authorizes the court to establish all regulations necessary for the control of domestic animals to prevent the introduction or spread of rabies, including requirements for restraint, quarantine, and reporting. Cf. V.T.C.S. art. 192-3 (dogs at large); Attorney General Opinion MW-154 (1980).

A criminal statute that indicates an intention to repeal prior laws may have that effect notwithstanding a failure to expressly so provide. See Lane v. State, 305 S.W. 2d 595 (Tex. Crim. App. 1957); 16 Tex. Jur. 2d Criminal Law §11, at 107. In our opinion, the enactment of article 4477-6a deprived Harris County of the power to enact or enforce orders or regulations requiring the quarantine, vaccination, or certification of dogs for rabies except as provided by rule of the Texas Board of Health under the authority of article 4477-6a. In Attorney General Opinion MW-167 (1980) we concluded that section 1.03(b) of the Texas Penal Code makes conduct embraced by statutes such as article 4477-6a, V.T.C.S., "conduct covered by" the code within the meaning of article 1.08 of the Penal Code, which reads:

> No governmental subdivision or agency may enact or enforce a
> law that makes any conduct covered by this code an offense
> subject to a criminal penalty. . . .

The Penal Code and article 4477-6a were enacted subsequent to the most recent amendment of article 2372m, and notwithstanding its failure to expressly so provide, we believe the 1979 legislation worked a partial repeal of article 2372m to the extent of conflict. See Attorney General Opinion M-1150 (1972). Harris County is thus subject to the provisions of article 4477-6a, V.T.C.S., and must comply with its requirements. Section 5 thereof provides:

> (a) The local health authority shall quarantine for at least 10
> days any animal that the authority has probable cause to believe
> is rabid or has attacked an individual.

> . . . .

> (f) . . . The local health authority may sell and retain the
> proceeds, keep, grant, or destroy an animal that the owner or
> custodian does not take possession of on or before the 15th day
> following the final day of the quarantine.

The "15 day" requirement applies only to animals not diagnosed as rabid and for whom an owner does not make other arrangements. Owners of animals quarantined are required by the act to pay to the local health authority the reasonable costs of quarantining and disposing of the animal. Id. If an owner has not done so within the 15 day period, the health authority may take action as allowed by the statute. Rule 301.58.03.008(a) of the Texas Department of Health, published March 4, 1980, in Volume 5, No. 17 of the Texas Register specifies that unowned animals may be destroyed for purposes of rabies diagnosis prior to the end of the quarantine period, and that owned animals may be disposed of according to written agreements with the

owners, and rule 301.58.03.007(a) allows local health authorities to permit home quarantine of owned animals under certain conditions. Thus, it will not be necessary for Harris County to hold animals for the additional 15 day period in every case.

The fact that the county has contracted for use of city of Houston facilities and services in its rabies control effort does not alter the situation. Article 4477-6a, V.T.C.S., is applicable to cities as well as counties. The provisions of the statute govern quarantine facilities and practices of the city of Houston employed for the account of Harris County. See Tex. Dept. of Health, Rule 301.58.03.008, 5 Tex. Reg. 814 (1980) (Rabies Control and Eradication Rule). Cf. Attorney General Opinion MW-113 (1979).

## SUMMARY

Harris County is subject to the rabies control and eradication provisions of article 4477-6a, V.T.C.S.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Bruce Youngblood
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan L. Garrison, Acting Chairman
Jon Bible
Rick Gilpin
Peter Nolan
Bruce Youngblood