

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

June 20, 1974

The Honorable Jimmy Morris
Criminal District Attorney
Navarro County
Corsicana, Texas 75110

Opinion No. H- 332

Re: Whether town is entitled
to recover city sales tax
from the Comptroller where
its incorporation has been
judicially determined to be
void.

Dear . Mr. Morris:

You ask whether a town the incorporation of which has been declared null and void in a final district court judgment is entitled to receive the city sales taxes collected on its behalf by the Comptroller.

In 1972 the town of Angus was purportedly incorporated pursuant to Articles 1133 and 1134, V. T. C. S. The town thereupon elected to adopt the local sales and use tax permitted by Article 1066c, V. T. C. S. But on July 23, 1973, the district court of Navarro County set aside the attempted incorporation of Angus and declared it illegal, void, and of no effect. There has been no appeal from that decision. During the second quarter of 1973 and for some time thereafter, city sales taxes had been collected by the Comptroller on behalf of Angus. You ask whether the town of Angus is entitled to receive the sales taxes collected for it during 1973 by the Comptroller despite the judicial declaration that its incorporation was void.

In resolving questions similar to the one you present, the courts have drawn a distinction between de facto municipal corporations and those that are void ab initio. A de facto municipal corporation is created when a community has made a good-faith attempt to organize in the method prescribed by existing law and has at least colorably complied with that law. Hunt v. Atkinson, 12 S. W. 2d 142 (Tex. Comm. App. 1929), vacated on other grounds, 17 S. W. 2d 780 (Tex. Comm. App. 1929). With respect to its obligations, a de facto corporation is for all intents and purposes, the same as a de jure corporation; its acts and contracts are as binding on it

as are those of a de jure corporation. Shapleigh v. San Angelo, 167 U.S. 646 (1897). A de facto corporation may levy and collect taxes to the same extent as a de jure corporation. See generally, 39 Tex. Jur. 2d Municipal Corporations, Sec. 57, p. 407.

On the other hand, where there is no authority for its de jure existence, a municipality is void ab initio. The legal effect of a judicial determination that an attempted incorporation was void is described in the following passage from Hunt v. Atkinson, supra:

> A corporation, for the existence of which de jure there is no law, cannot be a de facto corporation, and its existence may be attacked directly or collaterally, or even ignored since it is in law nothing. It affords no rights and presents no defenses at any time, or as to any person. 12 S. W. 2d at 145.

Thus when an attempted incorporation is declared void, the municipality purportedly created is treated by the law as if it never existed, and its acts and contracts have no effect whatsoever.

The attempted incorporation of the town of Angus has been set aside and declared illegal, void and of no effect. In its judgment the district court stated that there is not now nor has there ever been a legally incorporated town of Angus, and it ousted all city officials from the offices they purportedly held with no right to assert any powers or exercise any functions of those offices. The incorporation of Angus having been declared void, the town never had the authority to levy and collect the city sales tax, and those who paid it are entitled to a refund of their money. Article 20.10, Taxation-General, V. T. C. S. Since it has neither de jure nor de facto status, the town of Angus and those purporting to represent it are certainly not entitled to receive any city sales taxes from the Comptroller.

## S U M M A R Y

A town the incorporation of which has been declared null and void in a final court order is not entitled to receive the city sales taxes collected on its behalf by the Comptroller.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

LARRY F. YORK, First Assistant

DAVID M. KENDALL, Chairman
Opinion Committee